IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICHA MCDAID, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVANT, LLC f/k/a AVANT, INC.,<br><br>Defendant. | Civil Action No. 2:21-cv-1135 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446 and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b), Defendant Avant, LLC f/k/a Avant, Inc. ("Avant") removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.  As explained below, this putative class action is subject to the Court's jurisdiction under 28 U.S.C. §1332(d)(2) because minimal diversity exists and the amount placed in controversy by the putative class members' claims exceeds $5,000,000.

### CLAIMS ASSERTED AND RELIEF SOUGHT

1.  Plaintiff Patricha McDaid's ("Plaintiff") Class Action Complaint purports to state a claim under three Pennsylvania statutes, the: (i) Loan Interest Protection Law, 41 P.S. §§ 201, *et seq.*, (ii) Consumer Discount Company Act, 7 P.S. §§ 6201, *et seq.*, and (iii) Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201, *et seq.* against Avant on behalf of a putative class.  Plaintiff contends that Avant violated these statutes when it entered into a Loan Agreement and Promissory Note with Plaintiff.  (*See* Ex. A, Compl. ¶¶ 16–19, 26–33, and 40–45). Plaintiff seeks declaratory relief and monetary damages (including actual, statutory and treble

damages) associated with the alleged misconduct of Avant on behalf of the putative class members, together with costs and attorneys' fees. (*Id.*, Prayer for Relief, p. 12).

2. More specifically, Plaintiff alleges that Avant operates an online lending platform whereby loan applications are accepted. (*Id.* ¶ 16). According to the Complaint, if a loan application is approved, a nonparty, WebBank, issues the loan and then sells the loan to Avant. (*Id.* ¶¶ 17–18). Despite conceding that "Avant is <u>not</u> the true lender of the loans at issue" (*id.* ¶ 48 (emphasis added)), Plaintiff argues that Pennsylvania usury laws apply to Avant.

3. Plaintiff alleges that Avant, as a non-bank that is not licensed under Pennsylvania statute, is not authorized to charge interest above the 6 percent interest rate cap included in the Loan Interest Protection Law. (*Id.* ¶ 40–41). However, according to the Complaint, Avant charges, collects, contracts for or receives interest and fees that aggregate in excess of 6 percent simple interest per year. (*Id.* ¶ 43–44).

4. Plaintiff seeks to bring her claims on behalf of a putative class defined as:

> All persons who, within the applicable statute of limitations, were issued an Avant loan and paid interest and fees that aggregated in excess of 6% simple interest per year.

(*Id.* ¶ 64).

## THE COURT'S CAFA JURISDICTION

5. CAFA grants United States district courts original jurisdiction over "any civil action": (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which, among other things "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). These requirements are met in the instant case.

## THIS MATTER IS A "CLASS ACTION"

6. A "class action" for purposes of CAFA is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B). As noted, Plaintiff seeks to bring her claims on behalf of "[a]ll persons who, within the applicable statute of limitations, were issued an Avant loan and paid interest and fees that aggregated in excess of 6% simple interest per year." (Compl. ¶ 64).

## MINIMAL DIVERSITY EXISTS

7. Plaintiff is domiciled in the Commonwealth of Pennsylvania. (*Id.* ¶ 5).

8. Avant is not a Pennsylvania citizen. Avant is organized under the laws of the State of Delaware and is headquartered and has its principal place of business in Chicago, Illinois. (*See Id.* ¶ 7.)

9. A limited liability company such as Avant is considered "an unincorporated association" under CAFA and thus is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 705 (4th Cir. 2010) ("a limited liability company [. . .] is an 'unincorporated association' within the meaning of § 1332(d)(10)"); *Adams v. Eagle Rd. Oil LLC*, 403 F. Supp. 3d 1197, 1203 n.4 (N.D. Okla. 2019) (noting that "Congress prescribed a different rule as to unincorporated associations for purposes of CAFA" and that citizenship of LLCs is determined pursuant to 28 U.S.C. § 1332(d)(10)) (citation omitted); *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 912 (S.D. Ind. 2008) (holding same). As a result, Avant is a citizen of the states of Delaware and Illinois for purposes of diversity jurisdiction under CAFA.

10. Minimal diversity therefore exists under 28 U.S.C. § 1332(d)(10). *See also JMCB, LLC v. Bd. of Commerce & Indus.*, 293 F. Supp. 3d 580, 586–87 (M.D. La. 2017) (finding that minimal diversity exists such that the Court had CAFA jurisdiction where a plaintiff is an LLC existing under the laws of and operating out of Louisiana and one of the defendants is a Delaware LLC with its principal place of business in Texas).

### THE MATTER IN CONTROVERSY AGGREGATED ACROSS ALL CLASS MEMBERS' CLAIMS MEETS THE CAFA THRESHOLD

11. CAFA provides that the District Court shall have original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs . . . ." 28 U.S.C. §1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated . . . ." 28 U.S.C. §1332(d)(6). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Although Plaintiff has not alleged the amount of damages, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and undisputed facts.

12. As an initial matter, Avant denies any violation of the statutes referenced in the Complaint. Avant also denies that this matter is suitable for treatment as a class action. Plaintiff alleges, however, that "[t]here likely are hundreds of members of the class." (Compl. ¶ 66).

13. Avant has reviewed its records and confirmed that, based on the relief requested in the Complaint, as well as the number and amount of the loans made to the putative class, the amount in controversy exceeds $5,000,000.

14. The Complaint seeks to recover, in part, "triple the amount of any excess interest and charges [. . .] along with attorneys' fees[.]" (*Id.* ¶ 76). As outlined above, the Plaintiff asserts

that any interest rate in excess of 6 percent violates Pennsylvania usury laws. (*Id*. ¶ 40–41). Accordingly, Plaintiff is seeking to recover, in part, three times the amount of any interest payments made by putative class members above a 6 percent rate of interest.

15. Avant provides two different analyses to demonstrate that the amount in controversy requirement is met.[1]

16. *First*, Avant has reviewed its internal records related to loans which were issued by WebBank via the online platform operated by Avant and would include interest payments within the applicable statute of limitations period.[2] The average principal balance for those loans was approximately $6,106. The average term for those loans was approximately 35 months. The average interest rate for those loans was approximately 26 percent.[3]

---

[1] As noted above, the Complaint does not allege a total amount in controversy. Avant performs these calculations pursuant to CAFA based on Plaintiff's allegations and Avant's review of its records, but Avant denies that: (i) it has violated any laws, (ii) this matter is appropriate for treatment as a class action, and (iii) Plaintiff or alleged class members are entitled to recover any damages whatsoever.

[2] The Complaint is silent as to the applicable statute of limitations period for Plaintiff's claims. However, claims under the Loan Interest Protection Law are subject to a four-year statute of limitations. 41 P.S. § 502. Due to the term of the loans at issue, Avant has included loans which were issued within six years of the filing of the Complaint (from August 23, 2015 to August 8, 2021) and would have included interest payments during the statutory time period. Avant does not concede that anyone who entered into a loan, whether within six or four years of the filing of the Complaint, is a member of the purported class and/or that this matter is appropriate for treatment as a class action.

[3] Avant's reliance on the average value, term, and interest rates of these loans is proper. *See, e.g., Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAX), 2015 U.S. Dist. LEXIS 55667, at *12 (C.D. Cal. Apr. 28, 2015) ("For [calculating the amount in controversy for the entire putative class], it is hard to imagine a more useful metric than the putative class's *average* hourly wage.") (emphasis added); *Mazzucco v. Kraft Foods Global, Inc.*, No. 11-2430 (ES), 2011 U.S. Dist. LEXIS 150217, at *26 (D.N.J. Nov. 23, 2011) (relying on the "average" putative class member's hourly pay to calculate the amount in controversy).

17. Utilizing the average numbers as an example, a Pennsylvania resident who took out a $6,106 loan, for 35 months, at 26 percent interest would pay approximately $2,667.80 in interest payments over the life of the loan. However, if that same loan had a 6 percent interest rate, the interest payments would total $565 over the life of the loan. As a result, the difference in total interest payments between a 26 percent interest rate loan and a 6 percent interest rate loan is approximately $2,102.80 (2,667.80 – 565).

18. As noted above, Plaintiff alleges that she and the purported class are entitled to "triple the amount of any excess interest and charges[.]" (Compl. ¶ 76). Thus, in the example above, the average member of the purported class would seek $6,308.40 (2,102.80 x 3) based on alleged excess interest charges. If each purported class member seeks approximately $6,308.40 in monetary damages, a total of approximately 793 class members are required in order to meet the $5,000,000 minimum amount in controversy (5,000,000 / 6308.40). Avant has reviewed its records and states that far more than 793 individuals were issued loans within the Commonwealth of Pennsylvania between August 23, 2015 and August 8, 2021. With far more than 793 putative class members, and plausible damages of approximately $6,308.40 per class member, the $5,000,000 threshold is easily met.

19. *Second and alternatively*, Plaintiff has alleged that the "interest and administration fee yielded an annual percentage rate of over 29.94%" for her loan. (*Id*. ¶ 31). In other words, Plaintiff alleges that the interest rate on her loan is approximately five times the 6 percent interest rate cap imposed by Pennsylvania usury laws (29.94 / 6).

20. Additionally, Plaintiff alleges that she paid $402.54 in interest and fees before she defaulted on her loan obligations. (*Id*. ¶ 33). Plaintiff appears to argue, though it is somewhat unclear, that even though she did not re-pay the loan, her partial payments prior to default should

- 6 -

have been less. In essence, Plaintiff argues that she was improperly charged roughly five times the interest she should have been. As a result, Plaintiff appears to allege that she should have paid approximately $80.51 in interest and fees before she defaulted (405.54 / 5). This equates to an alleged "overpayment" of interest and fees of $322.03 (402.54 – 80.51).

21. As noted above, Plaintiff alleges that she and the purported class are entitled to "triple the amount of any excess interest and charges[.]" (Compl. ¶ 76). Thus, it appears that, at a minimum, Plaintiff will seek $966.09 (322.03 x 3), based on alleged excess interest charges.[4] If each purported class member seeks approximately $966.09 in monetary damages, a total of approximately 5,176 class members is required in order to meet the $5,000,000 minimum amount in controversy (5,000,000 / 966.09). Avant has reviewed its records and states that far more than 5,176 individuals were issued loans within the Commonwealth of Pennsylvania between August 23, 2015 and August 8, 2021. With far more than 5,176 putative class members, and plausible damages of approximately $966.09 per class member, the $5,000,000 threshold is easily met.

22. As a result, under either analysis, the $5,000,000 threshold is easily met and CAFA jurisdiction is proper.[5]

---

[4] Use of the Plaintiff's alleged damages is proper in the class-action context. *See Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.*, 825 Fed. Appx. 65, 68 (3d Cir. 2020) ("[B]ecause of Federal Rule of Civil Procedure 23's requirement that a class plaintiff's claim be typical of the class members' claims, it is reasonable to assume that a plaintiff's damages are representative of the class members' damages.") (citation omitted).

[5] Notably, these damages calculations do not include an award of attorneys' fees, which Plaintiff alleges she and the purported class members are entitled to. *See, e.g., Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (assuming attorney's fee award of thirty percent of judgment in calculating amount in controversy for purposes of CAFA).

**PROCEDURE FOR REMOVAL**

23. Avant was served with the Complaint in this matter on August 6, 2021. Avant is filing this notice within 30 days of the date of service on Avant. Therefore, this Notice of Removal is timely under 28 U.S.C. §1446(b).

24. Removal to this Court is proper because the United States District Court for the Western District of Pennsylvania is the District Court of the United States for the district embracing the Court of Common Pleas of Allegheny County, Pennsylvania. 28 U.S.C. § 118(c).

25. A copy of all process, pleadings and orders served upon Avant are attached as **Group Exhibit A** in accordance with 28 U.S.C. §1446(a).

26. Avant is filing notice of the removal of this action with the Court of Common Pleas of Allegheny County, Pennsylvania in accordance with 28 U.S.C. §144(d).

27. In the event Plaintiff files a motion or other request to remand, Avant reserves all rights to submit such additional argument and/or evidence in support of removal as may be necessary or appropriate, including evidence as to the amount in controversy or diversity of citizenship.

28. While removing this case to this Court, Avant does not admit any of the factual allegations contained in the Complaint and Avant does not intend to waive any of its available defenses to the claims set forth in that Complaint.

McNEES WALLACE & NURICK LLC

By _____
Devin J. Chwastyk
PA I.D. No. 91852
100 Pine Street
P. O. Box 1166
Harrisburg, PA  17108-1166
(717) 237-5482
dchwastyk@mcneeslaw.com

Dated:  August 26, 2021

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document by electronic mail and by U.S. mail, postage prepaid, upon the following:

Kevin Abramowicz, Esq.
Kevin W. Tucker, Esq.
Chandler Steiger, Esq.
Stephanie Moore, Esq.
East End Trial Group LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA  15208
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Attorneys for Plaintiff*

Dated:  August 26, 2021

Devin J. Chwastyk