**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PATRICHA MCDAID, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

AVANT, LLC f/k/a AVANT, INC.,

      Defendant.

CASE NO. 2:21-cv-01135-LPL

**DEFENDANT AVANT LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR
DISCOVERY CONCERNING DEFENDANT'S MOTION TO COMPEL
INDIVIDUAL ARBITRATION AND TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................................ 2

III.  ARGUMENT ....................................................................................................... 5

     A.     The Motion to Compel Arbitration should be decided under Rule 12(b)(6), not Rule 56 ........................................................................................ 5

           1.     Plaintiff is not entitled to discovery because the issue is clear from the face of the pleadings and Avant's unrebutted supporting documents .................................................................................. 5

           2.     Plaintiff's unsupported Motion also does not satisfy Rule 56(d) ............. 7

     B.     Plaintiff is not entitled to discovery because she failed to put forth any facts that would create a dispute concerning arbitrability ..................................... 8

     C.     The discovery Plaintiff seeks is irrelevant and unnecessary ............................... 11

           1.     No discovery is needed to determine that Plaintiff "was given notice of the Loan Agreement" .................................................................. 11

           2.     No discovery related to alleged assignments of the Loan is relevant to the Motion to Compel Arbitration ....................................................... 12

     D.     Plaintiff is estopped from denying the existence and enforceability of the Loan ................................................................................................................. 15

     E.     Avant reserves all rights and arguments in support of its Motion to Compel Arbitration ........................................................................................... 15

     F.     Alternatively, if the Court orders limited discovery, it should be confined to targeted written discovery ............................................................................. 15

CONCLUSION .................................................................................................................. 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambler v. BT Ams., Inc.*,
  964 F. Supp. 2d 1169 (N.D. Cal. 2013) ..................................................................................15

*Angelopoulos v. HDR Eng'g, Inc.*,
  2021 U.S. Dist. LEXIS 134619 (W.D. Pa. July 20, 2021) .......................................................7

*Benedict v. Guess, Inc.*,
  2021 U.S. Dist. LEXIS 642 (E.D. Pa. Jan. 5, 2021) ........................................................5, 9, 10

*Bradley v. United States*,
  299 F.3d 197 (3d Cir. 2002)......................................................................................................7

*Brown v. Sklar-Markind*,
  2014 U.S. Dist. LEXIS 157891 (W.D. Pa. Nov. 7, 2014) .............................................5, 6, 13

*CardioNet, Inc. v. Cigna Health Corp.*,
  751 F.3d 165 (3d Cir. 2014).......................................................................................................6

*Gedid v. Huntington Nat'l Bank*,
  2012 U.S. Dist. LEXIS 27715 (W.D. Pa. Feb. 10, 2012) ...............................................8, 9, 12

*Guidotti v. Legal Helpers Debt Resol., LLC*,
  716 F.3d 764 (3d Cir. 2013)................................................................................................5, 10

*Haston v. Resurgent Capital Servs., L.P.*,
  2020 U.S. Dist. LEXIS 239227 (W.D. Pa. Dec. 21, 2020)......................................................14

*Hornicek v. Cardwords Servicing*,
  2011 U.S. Dist. LEXIS 70125 (E.D. Pa. June 29, 2011) .........................................................13

*Joaquin v. DIRECTV Grp. Holdings, Inc.*,
  2016 U.S. Dist. LEXIS 116312 (D.N.J. Aug. 30, 2016)..........................................................10

*Juric v. Dick's Sporting Goods, Inc.*,
  2020 U.S. Dist. LEXIS 137299 (W.D. Pa. Aug. 3, 2020) .......................................................12

*Lance v. Midland Credit Mgmt. Inc.*,
  375 F. Supp. 3d 604 (E.D. Pa. 2019) ......................................................................................14

*Liptak v. Accelerated Inventory Mgmt.*,
  2021 U.S. Dist. LEXIS 31008 (W.D. Pa. Feb. 19, 2021) .....................................................5, 9

*Magee v. Francesca's Holding Corp.*,
2020 U.S. Dist. LEXIS 103798 (D.N.J. June 14, 2020) ........................................................12

*Mayer v. Belichick*,
605 F.3d 223 (3d Cir. 2010).................................................................................................5

*Morina v. Neiman Marcus Group, Inc.*,
2014 U.S. Dist. LEXIS 141533 (E.D. Pa. 2014) ....................................................................8

*Nguyen v. Barnes & Noble, Inc.*,
763 F.3d 1171 (9th Cir. 2014) .............................................................................................11

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016)................................................................................................11

*Quilloin v. Tenet HealthSystem Philadelphia, Inc.*,
673 F.3d 221 (3d Cir. 2012)................................................................................................12

*Rodriguez-Ocasio v. Midland Credit Mgmt., Inc.*,
2021 U.S. Dist. LEXIS 161071 (D.N.J. Aug. 25, 2021)........................................................14

*Silfee v. Auto. Data Processing, Inc.*,
969 Fed. App'x 576 (3d Cir. 2017)........................................................................................5

*Smith v. RGIS, LLC*,
2017 U.S. Dist. LEXIS 166608 (W.D. Pa. Oct. 6, 2017) ..................................................10, 11

*Southland Corp. v. Keating*,
465 U.S. 1 (1984)................................................................................................................6

**Statutes**

15 U.S.C. § 7001(a)(1)................................................................................................................4

**Other Authorities**

FED. R. CIV. P. 12 ............................................................................................... *passim*

FED. R. CIV. P. 56 ............................................................................................... *passim*

**COMES NOW** Defendant Avant, LLC ("Avant" or "Defendant"), by and through its undersigned counsel, for its Opposition to Plaintiff's Motion for Discovery Concerning Defendant's Motion to Compel Individual Arbitration and to Dismiss (the "Motion"), and in support Avant respectfully states as follows:

## I.    INTRODUCTION

Through this Motion, Plaintiff seeks to circumvent the Third Circuit's clear procedures for deciding motions to compel arbitration and obtain unjustified discovery without offering *even one* factual assertion that might call the parties' binding arbitration agreement into question.  In essence, Plaintiff has done nothing but pose hypothetical, open-ended scenarios that Plaintiff does not explain or support with evidence (for instance, wondering "**if** McDaid allegedly assented to the agreement by clicking an "I AGREE" button" and "**if**" she received notice of the agreement (emphasis added)).  Plaintiff has demonstrated no issue of fact or law that would entitle her to discovery and Avant's motion to compel arbitration should be decided under Rule 12.

Plaintiff's deficient motion for discovery lacks support likely because no issue of fact or law exists that would avoid the parties' agreement to arbitrate these claims.  The singular basis for Plaintiff's claims in this case is the loan allegedly issued by WebBank and Avant to Plaintiff, which is evidenced by a signed, written loan agreement.  That agreement contains Plaintiff's signature beneath multiple representations that Plaintiff has read, understood, and agrees to be bound by its terms.  That agreement also includes an arbitration provision that, by its plain and unambiguous language, covers Plaintiff's claims against Avant in this case.  The terms of the loan agreement are unrebutted by Plaintiff and there is no reason to subject Avant to discovery that would ultimately be irrelevant to the resolution of Avant's motion to compel arbitration, to which

Plaintiff should have responded instead of filing this Motion. For the reasons that follow, the Motion should be denied.

## II.    FACTUAL BACKGROUND

Plaintiff was issued the loan in dispute in August 2017. (ECF 1-1 at ¶¶ 17-18; 26; ECF 14-1.) That loan was governed by the terms of a Loan Agreement and Promissory Note. (ECF 14-1 at Ex. 1 (the "Loan").) The Loan identifies the "Lender/Creditor" as "WebBank c/o Avant" and that the principal loan amount was $4,200.00, less certain fees. (*Id.* at pp. 1-2; *see also* ECF 1-1 at ¶¶ 28-29.) Plaintiff acknowledges the Loan's principal and interest terms in her Complaint (ECF 1-1 ¶¶ 28-31) and admits that she defaulted by failing to repay the majority of the loan balance. (ECF 1-1 at ¶¶ 32-34.)

The Loan contains an explicit arbitration provision (the "Arbitration Provision") requiring McDaid to arbitrate all claims against Avant. (ECF 14-1 at Ex. 1 at Sec. 20; *see also* ECF 15 at 2-4 (describing the relevant provisions of the Loan).) That is clear from the Arbitration Provision's definition of "Related Parties," which include (1) parent companies, subsidiaries, and affiliates; (2) employees, directors, officers, shareholders, members, representatives and service providers; and (3) "***any person or company that is involved in a Dispute that you pursue relating to this Agreement or your loan with us***." (ECF 14-1 at Sec. 20 (emphasis added).) While Avant likely qualifies as a covered "Related Party" under several of those definitions, there can be no good-faith dispute that Avant is a party "involved in a Dispute . . . relating to" the Loan based on Plaintiff's claims. Plaintiff alleges that the interest rate on that loan was excessive and unlawful. (*See, e.g.*, ECF 1-1 at ¶¶ 26, 41-48.) Further, Plaintiff was undoubtedly aware of Avant's involvement in the Loan at the time it was issued, in part because Avant is expressly referenced at least 16 times in the Loan itself. Avant is designated as, among other things, the contact for

changing the payment method (Section 3), the party to whom any notice is due under the Loan (Section 11), the party to handle all credit bureau disputes (Section 17), and, perhaps most importantly, in the Arbitration Provision as the party to receive any notice of a dispute or to opt-out of the arbitration provision (Section 20).  Importantly, the Arbitration Provision stays in effect even after the borrower defaults, the Loan is assigned, or the Loan is otherwise terminated.  (*Id.*, stating that the Arbitration Provision "stays in force even if [Plaintiff] default[s] under [the] Agreement or go[es] into or through bankruptcy or if the Agreement is assigned, terminated or is no longer in effect.")

Plaintiff signed the Loan on August 25, 2017.  The Loan clearly states: "BY CLICKING THE BUTTON BELOW READING 'I AGREE,' YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED AND HAVE READ A COMPLETED COPY OF THIS NOTE, YOU UNDERSTAND THIS NOTE AND YOU AGREE TO ITS TERMS, INCLUDING THE ARBITRATION PROVISION."  (ECF 14-1 at Ex. 1, p. 14.)  The Loan further states that "IT IS IMPORTANT THAT YOU THOROUGHLY READ THE AGREEMENT BEFORE YOU SIGN IT," advised Plaintiff to "NOT SIGN THIS NOTE BEFORE YOU READ THE WRITING ABOVE, EVEN IF OTHERWISE ADVISED" and explicitly stated that Plaintiff is "ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN."  (*Id.*)  Plaintiff does not state or provide any evidence that she did not click the referenced button to indicate her agreement to the Loan, does not state or provide any evidence that she did not receive and read a copy of the Loan, and does not state or provide any evidence that she was deprived of a copy of the Loan.

3

Beneath that language is Plaintiff's signature block.  (*Id.*)  It contains her name, the last four digits of her social security number, the exact date and time that she signed the agreement, her Customer ID, and a digital signature ID.  Plaintiff does not dispute that she signed the Loan.[1]

Despite all of that unambiguous and undisputed evidence, Plaintiff now questions through attorney argument (but, critically, no sworn statements from Plaintiff herself) "whether she assented to the Loan Agreement."  (Mot. at ¶ 5.)  It has always been apparent that Plaintiff attempted to artfully plead around the Loan (even before this current campaign to feign confusion about her "assent" to its terms[2]).  For example, Plaintiff declined to attach a copy of the Loan to her Complaint despite it being in her and her attorney's possession (for years and months prior to filing, respectively) and serving as the basis for each of her claims against Avant.  Plaintiff also carefully alleges that "Avant issued a personal loan to [Plaintiff]," without ever mentioning the existence of the signed, written Loan agreement that governs that alleged loan.  While it is no mystery that Plaintiff pleaded her claims in this way in an attempt to avoid arbitration and class waiver, it would be unfair to reward her pleading tactics by forcing Avant to incur the expense of discovery that, as explained more fully below, is wholly unnecessary and unwarranted under governing law.

---

[1] Plaintiff does not and cannot dispute that her electronic signature is any less effective or enforceable than a traditional "wet" signature.  *See* 15 U.S.C. § 7001(a)(1) ("a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form").

[2] If discovery is allowed on the issue of arbitrability, Avant can establish the numerous and well-documented ways in which Plaintiff received, viewed, and assented to the Loan.

## III.   ARGUMENT

### A.   The Motion to Compel Arbitration should be decided under Rule 12(b)(6), not Rule 56.

#### 1.   Plaintiff is not entitled to discovery because the issue is clear from the face of the pleadings and Avant's unrebutted supporting documents.

Plaintiff's Motion is an effort to sidestep the Third Circuit's established procedure for deciding motions to compel arbitration.  That precedent provides that a motion to compel arbitration can be decided under either Rule 12 or Rule 56, depending on the circumstances underlying the motion.  *See Silfee v. Auto. Data Processing, Inc.*, 969 Fed. App'x. 576, 578-79 (3d Cir. 2017); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  Where the motion depends entirely on the pleadings or materials that are integral to or relied upon in the complaint, Rule 12 governs.  *Benedict v. Guess, Inc.*, 2021 U.S. Dist. LEXIS 642, at *5-6 (E.D. Pa. Jan. 5, 2021) (quoting *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 776 (3d Cir. 2013)).  More specifically, "the district courts of the Third Circuit have routinely applied the motion to dismiss standard where the Plaintiff does not dispute the fact that he executed an agreement to arbitrate, and the complaint, undisputed averments and undisputed documents attached to the motion to compel and response do not require the court to make factual findings in order to determine arbitrability." *Brown v. Sklar-Markind*, 2014 U.S. Dist. LEXIS 157891, at *13-14 (W.D. Pa. Nov. 7, 2014).

Only where the complaint and supporting documents are unclear, or if the Plaintiff responds with additional facts sufficient to place the arbitration agreement at issue, then Rule 56 applies and the parties may be entitled to limited discovery.  *Id.*; *see also Liptak v. Accelerated Inventory Mgmt.*, 2021 U.S. Dist. LEXIS 31008, at *5 (W.D. Pa. Feb. 19, 2021) (denying discovery on the issue of arbitrability and explaining that discovery is warranted only if the

5

complaint and supporting documents are unclear or if "a plaintiff responds to a motion to compel with additional facts sufficient to place arbitrability in issue").

Additionally, any request for arbitration must be analyzed under the Federal Arbitration Act's ("FAA") strong presumption in favor of arbitrability. *See Liptak*, 2021 U.S. Dist. LEXIS 31008, at *4 (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). The FAA protects the enforceability of written arbitration agreements and, accordingly, the Court "must resolve any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." *Id.* (quoting *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 172 (3d Cir. 2014)).

Plaintiff's "motion for discovery" skirts those requirements and avoids Plaintiff's obligation to first oppose the motion to compel arbitration and establish the above predicates that might have entitled her to discovery.[3] Avant has already filed a comprehensive and supported motion to compel arbitration. If Plaintiff believed that some factual dispute exists, she should have responded articulating the reasons why and advocating for it to be decided under Rule 56, after limited discovery. *See, e.g.*, *Brown*, 2014 U.S. Dist. LEXIS 157891, at *11-14 (explaining the "proper standards for evaluating a motion to compel arbitration" in the Third Circuit, including that discovery may be warranted after "plaintiff has responded to a motion to compel arbitration with additional facts"). But forcing Avant to oppose this separate Motion, and then re-brief these and similar issues under the umbrella of Avant's Motion to Compel Arbitration, all without

---

[3] Notably, this Motion is *not* what the Court ordered following the last status hearing. In the resulting order, the Court ordered the parties to jointly "discuss whether discovery is necessary and, **if so**, file a **joint motion** for **specific discovery** on this issue prior to filing a response." (ECF 16 (emphasis added).) But as stated herein, discovery is *not* necessary because Plaintiff offered no factual basis to call the Arbitration Provision into question, and Plaintiff's Motion is neither "joint" nor for "specific discovery." (*Id.*)

Plaintiff coming forward with a modicum of evidence in support of her request, is wasteful, unfair, and contrary to established law.

### 2.     Plaintiff's unsupported Motion also does not satisfy Rule 56(d).

Plaintiff's "Motion for Discovery" does not articulate on what basis she believes she is entitled to discovery.  During the parties' telephonic conferences, Plaintiff's counsel suggested that the request was grounded in Rule 56(d), which allows limited discovery where essential facts are unavailable to the nonmovant and necessary to respond to a pending motion for summary judgment.  Fed. R. Civ. P. 56(d).  But Rule 56(d) is inapplicable for two reasons.  First, as explained in Avant's Motion to Compel Arbitration, the arbitrability issue should be decided under Rule 12 in this case because the Loan was attached to Avant's Motion to Compel Arbitration and it is integral to Plaintiff's Complaint.  (ECF 15 at 5.)  Plaintiff's cursory Motion fails to analyze (or even acknowledge) the applicability of Rule 12 to the Motion to Compel Arbitration, which alone forecloses the discovery that Plaintiff seeks.  Further, the signed, written arbitration agreement is unambiguous in its call for binding individual arbitration of claims related to the Loan and, as set forth in further detail below, Plaintiff offers no facts that call that signed writing into question. Rule 56 does not apply to this case.

Second, even if the Motion to Compel Arbitration were to be considered under Rule 56 (and it should not be), Rule 56(d) allows discovery only if the nonmovant "shows by affidavit or declaration, for specified reasons, it cannot present facts essential to justify its opposition." Plaintiff's Motion contains no declaration and only cursory suggestions of the types of discovery she seeks.  Failure to include a declaration is fatal to Plaintiff's request for discovery.  *See Angelopoulos v. HDR Eng'g, Inc.*, 2021 U.S. Dist. LEXIS 134619, at *4 (W.D. Pa. July 20, 2021) (citing *Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002)) (holding that "Plaintiff's failure

7

to comply with Rule 56(d)'s 'affidavit or declaration' requirement renders his request for additional discovery procedurally defective.").

Plaintiff's Motion is a superficial request for discovery to which she is not entitled under the FAA, Third Circuit law, or the signed writing governing her dispute with Avant. Because the Motion to Compel Arbitration should be considered under Rule 12, no discovery is warranted and Plaintiff's Motion should be denied.

### B. Plaintiff is not entitled to discovery because she failed to put forth any facts that would create a dispute concerning arbitrability.

Additionally, Plaintiff is not entitled to discovery because she failed to present *any* facts that would create a dispute about the existence, authenticity, or enforceability of the arbitration agreement. Instead, the Motion is premised on hypothetical scenarios that are not supported by evidence or personal testimony that justify those theories.[4] For example, Plaintiff suggests that Avant "does not state how it claims [Plaintiff] was given notice of the Loan." (ECF 20 at 2.) But Avant has produced a written agreement signed by Plaintiff, together with a sworn declaration attesting to its authenticity, which plainly states that Plaintiff was given notice of the Loan before signing it. (ECF 14-1.) In response, Plaintiff does *not* state that she never received notice of the Loan, or that she didn't assent to its terms, or that she didn't sign it. Instead, she broadly requests discovery, apparently in hopes of finding some evidence of those issues to help her case. That is not a proper basis for discovery in response to a well-supported motion to compel arbitration. *See, e.g.*, *Morina v. Neiman Marcus Group, Inc.*, 2014 U.S. Dist. LEXIS 141533, at *9 (E.D. Pa. 2014) (A "naked assertion" from the party attempting to avoid arbitration is not sufficient to place the agreement in issue).

---

[4] Indeed, it is Plaintiff, as the party seeking to avoid arbitration, that "bears the burden of proving invalidity of an arbitration agreement." *Gedid v. Huntington Nat'l Bank*, 2012 U.S. Dist. LEXIS 27715, at *16 (W.D. Pa. Feb. 10, 2012).

Plaintiff's failure to produce any evidence that might support further factual inquiry is difficult to understand because on each and every one of the parties' conferences regarding Plaintiff's desire to engage in discovery, counsel for Avant requested that Plaintiff provide a declaration stating her basis for disputing that the signed, written Loan is not enforceable against her. Plaintiff failed to do so then, and evidently is still unwilling to do so now, even in support of her own motion for discovery. Indeed, Plaintiff's counsel is well aware of the need to come forward with facts in support of a request for discovery, having recently been denied discovery in similar circumstances because the plaintiff "ha[d] not responded to the Defendants' Motion to Compel Arbitration with sufficient facts to place the agreement to arbitrate at issue." *Liptak*, 2021 U.S. Dist. LEXIS 31008, at \*5. In strikingly similar circumstances, the court in *Liptak* held:

> This case involves an arbitration clause contained within a clickwrap agreement. Although Mr. Liptak has alleged in response to Defendants' Motion to Compel Arbitration that he does not remember reading the clickwrap agreement or assenting to arbitration, courts have generally held that parties are presumed to have read the agreements that they have signed. Mr. Liptak would not have been able to obtain the loan from WebBank if he did not select the "I Agree" button on the webpage. Mr. Liptak has not placed sufficient information in the record to question the validity of the arbitration clause. Thus, because clickwrap agreements are generally enforced by the courts and because of the strong federal policy favoring arbitration, the arbitration provision in the clickwrap agreement shall be enforced.

*Id.* In other words, a Plaintiff cannot merely pose hypothetical questions about the validity of a signed written agreement, solely in the form of attorney argument and without any sworn declaration from the Plaintiff, and thereby open the door to costly, burdensome discovery. *See Gedid*, 2012 U.S. Dist. LEXIS 27715, at \*14 (granting motion to compel arbitration and rejecting "Plaintiff['s] . . . own unsupported assertions" as "insufficient as a matter of law."). That is precisely what Plaintiff has done here, and Avant should not be subjected to unnecessary discovery where Plaintiff is unable or unwilling to provide the facts in her own possession that support her position.

9

*Benedict v. Guess, Inc.* provides a clear roadmap for situations in which a plaintiff seeks arbitrability discovery without providing any factual justification.  In *Benedict*, just as here, "Plaintiff [did] not dispute that he entered into the arbitration agreement" and also failed to raise "any argument or factual assertion that would place the arbitration agreement in dispute."  2021 U.S. Dist. LEXIS 642, at *11.  As a result, the court held that there was no genuine dispute of fact related to the arbitration agreement and discovery was not warranted.  *Id.* at *13.  Also relevant here, the court in *Benedict* held that the date of the arbitration agreement, which coincided with the date that the plaintiff began his employment with the defendant, was evidence that the arbitration agreement was genuine and enforceable.  *Id.* at *12-13.  The same is true in this case, where Plaintiff's signature on the Loan is dated August 25, 2017, which is consistent with Plaintiff's allegation that she received the Loan "in August of 2017."  (ECF 1-1 at ¶ 26.)

Similarly, *Joaquin v. DIRECTV Grp. Holdings, Inc.*, 2016 U.S. Dist. LEXIS 116312 (D.N.J. Aug. 30, 2016), demonstrates that Plaintiff's failure to attach a declaration or other admissible evidence is fatal to her discovery motion.  There, the court was faced with a similarly deficient request for arbitrability discovery, because the "Plaintiff [had] not stated specific facts sufficient to put the agreements to arbitrate at issue."  *Id.* at *9.  Specifically, the plaintiff in *Joaquin* "[had] not produced any affidavits to support her claim that she did not assent to the arbitration provisions," "[did] not unequivocally deny having received the [agreements containing arbitration provisions]" and otherwise "[had] not come forward with any evidence in response to Defendant's motion to compel arbitration to trigger the summary judgment standard."  *Id.* at *9-10.  That is the exact same situation as here, where Plaintiff failed to produce any declaration or other evidence to call the Loan into question.  Accordingly, "without Plaintiff providing specific

10

facts, or even an unequivocal denial, to call the agreement to arbitrate into issue, the Court [should] not find that discovery is warranted here." *Id.* at *10.

Lastly, *Smith v. RGIS, LLC*, 2017 U.S. Dist. LEXIS 166608 (W.D. Pa. Oct. 6, 2017), is also instructive. There, the court explained:

> Although *Guidotti* instructs the district courts, when applying the Rule 56 standard, to allow limited discovery before ruling on the motion to compel arbitration, here Plaintiff has not shown that limited discovery is warranted at this juncture. In her memorandum in opposition to the motion to compel arbitration, Plaintiff advanced purely legal arguments challenging the enforceability of the class action waiver provision, and failed to address or challenge Defendant's argument that a valid agreement to arbitrate existed between Plaintiff and RGIS. . . . Nor has Plaintiff attempted to raise issues of fact or file a counter affidavit in her supplemental brief filed after the stay was lifted. In light of these circumstances, the Court finds that the material facts can be gleaned from the evidence of record and are not disputed, and therefore, limited discovery is neither warranted nor necessary to rule on Defendant's motion.

*Id.* at *13-14. In light of that authority and Plaintiff's factually deficient Motion, the Court should deny Plaintiff's request for discovery and order her to respond to the Motion to Compel Arbitration.

### C. The discovery Plaintiff seeks is irrelevant and unnecessary.

Although Plaintiff's failure to support her Motion with evidence is sufficient reason to deny the Motion, Plaintiff's request should also be rejected because the discovery that Plaintiff purportedly seeks is both undefined and unnecessary to resolve the Motion to Compel Arbitration.

#### 1. No discovery is needed to determine that Plaintiff "was given notice of the Loan Agreement."

First, Plaintiff claims to need "discovery concerning the issue of assent." (Mot. at 2.) Plaintiff claims that without discovery, "it cannot be determined whether McDaid was given the notice required to bind her to the terms of the Loan Agreement" or how she "assented to the Loan Agreement." (Mot. at 2.) Plaintiff's position ignores entirely the signed, written Loan Agreement

produced by Avant.[5]   (ECF 14-1.)   As set forth in detail in Section II, *supra*, the agreement

unambiguously provides that Plaintiff *did* receive notice of the Loan, *was* given an opportunity to

review it before signing it, and assented to its terms by signing the agreement on August 25, 2017.

(ECF 14-1 at Ex. 1, p. 14.)   That **unrebutted** evidence is sufficient to establish assent under Rule

12.   Indeed, "arbitration may not be defeated by blanket denials of the existence of an agreement

to arbitrate" or "arguments that an arbitration agreement may not be enforced because a party was

unaware of it, or did not read it."  *Gedid*, 2012 U.S. Dist. LEXIS 27715, at \*14.   If Plaintiff had a

good-faith basis to dispute her notice of and assent to the Loan that she executed, she would have

come forward with a sworn statement to that effect.   She did not do so, and therefore no discovery

is warranted.[6]  *See also Magee v. Francesca's Holding Corp.*, 2020 U.S. Dist. LEXIS 103798, at

\*25 (D.N.J. June 14, 2020) (quoting *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d

---

[5] The plain terms of the Loan Agreement indicate that it was a "clickwrap" agreement, forcing Plaintiff to click a button acknowledging that she had read and understood its terms.   That undisputed fact renders inapplicable the "browsewrap" authority cited by Plaintiff in support of her Motion.   *See Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014) (distinguishing clickwrap agreements because "the determination of the validity of the browsewrap contract depends on whether the user has actual or constructive knowledge of a website's terms and conditions") (quotation omitted); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 236 (2d Cir. 2016) (holding that, "unlike typical 'clickwrap' agreements," the user did not "specifically manifest assent to the additional terms, for the purchaser is not specifically asked whether she agrees or to say 'I agree.'").

[6] If any discovery were needed on this point (and none is), it should be limited to targeted interrogatories and/or requests to Plaintiff, in which Avant can reasonably assume Plaintiff will state under oath that she does not recall whether she received notice of the Loan before signing it. Although Plaintiff's counsel relayed that position during the parties' conferences preceding this Motion, it is absent from the Motion, presumably because, as Plaintiff is surely aware, her lack of recollection is not a sufficient basis to question the validity and enforceability of a signed, written agreement.   *See, e.g.*, *Juric v. Dick's Sporting Goods, Inc.*, 2020 U.S. Dist. LEXIS 137299, at \*24 (W.D. Pa. Aug. 3, 2020) (rejecting plaintiffs' arguments that they did not recall signing the arbitration agreement because "a party's failure to recall a relevant event is insufficient to raise an issue as to the occurrence of that event").

221, 237 (3d Cir. 2012)) (granting motion to compel arbitration involving clickwrap agreement in part because "parties are presumed to have knowledge of contracts they have signed.")

### 2. No discovery related to alleged assignments of the Loan is relevant to the Motion to Compel Arbitration.

Second, Plaintiff seeks discovery about whether Avant "was ever assigned any rights in the Loan Agreement." (ECF 20 at 2.) That argument is a red herring and does not justify Plaintiff's request for discovery because, under the plain and undisputed language of the Loan, it does not matter whether the Loan was assigned. The Arbitration Provision applies to Plaintiff, WebBank, and "any person or company that is involved in a Dispute that you pursue relating to this Agreement or your loan with us," which includes Avant. (ECF 14-1 at p. 10.) This case is undoubtedly a dispute related to the Loan, and Plaintiff cannot credibly claim that Avant is not "involved" in both this lawsuit and the underlying Loan. Indeed, Avant is the sole defendant in this case and the Loan references Avant at least 16 times, including at the very top of page 1. (ECF 14-1 at Ex. 1, p. 1.) Moreover, it is equally clear based on the Loan itself that Avant acted as a service provider/servicer with respect to the Loan. Whatever information related to assignments that Plaintiff hopes to discover will have no bearing on the outcome of Avant's Motion to Compel Arbitration. *See Brown*, 2014 U.S. Dist. LEXIS 157891, at \*32-34 (holding that broad and unambiguous arbitration provision in an agreement that covered, among other scenarios, "any resulting transaction or relationship"); *Hornicek v. Cardwords Servicing*, 2011 U.S. Dist. LEXIS 70125, at \*8-9 (E.D. Pa. June 29, 2011) (arbitration agreement that applied to "any other third party involved with" the account encompassed a non-signatory collection agency and collecting similar cases).

Moreover, the Loan provides that the Arbitration Provision "stays effective unless the parties sign an agreement stating it doesn't" and "stays in force even if you default under your

13

Agreement . . . or if the Agreement is assigned, terminated, or is no longer in effect." (ECF 14-1 at Sec. 20.)  Read together with the Arbitration Provision's broad scope, the Loan unambiguously states that Plaintiff is obligated to arbitrate her claims against Avant regardless of whether the Loan is assigned or terminated.  No discovery can alter that plain language.

Each of the three cases cited by Plaintiff in support of this argument demonstrates why discovery is unnecessary.  In all three, it was a third party *debt collector* seeking to enforce the arbitration provision contained in a Synchrony Bank loan contract that did not contain broad language concerning covered entities like the Loan in this case.  (*See* Mot. at 2-3 (citing *Lance v. Midland Credit Mgmt. Inc.*, 375 F. Supp. 3d 604 (E.D. Pa. 2019); *Haston v. Resurgent Capital Servs., L.P.*, 2020 U.S. Dist. LEXIS 239227 (W.D. Pa. Dec. 21, 2020); *Rodriguez-Ocasio v. Midland Credit Mgmt., Inc.*, 2021 U.S. Dist. LEXIS 161071 (D.N.J. Aug. 25, 2021).)  The debt collectors were not referenced in the original contract or covered by the scope of the applicable arbitration provision.  *See, e.g.*, *Rodriguez-Ocasio*, 2021 U.S. Dist. LEXIS 239227, at \*4 (the arbitration provision applied to "most disputes between you [borrower] and us [Synchrony Bank]" and disputes with "[Synchrony's] affiliates, agents, and/or dealers/merchants/retailers that accept the card or program sponsors if it relates to your account"); *Lance*, 375 F. Supp. 3d at 607 (substantially similar provision); *Haston*, 2020 U.S. Dist. LEXIS 239227, at \*6 (substantially similar provision).  Thus, in each of those cases, the third party debt collector was required to demonstrate that it obtained Synchrony Bank's right to arbitrate under the operative loan agreement.  But those entities are not analogous to Avant and the circumstances of this case because Avant, which has been sued by Plaintiff related to the Loan, is expressly included in the definition of parties and types of disputes to which the Arbitration Provision applies.  Discovery related to alleged assignments of the Loan is not only unwarranted on this record, it would be

14

irrelevant.  Whether or not the Loan was assigned, Avant has the right under its terms to proceed via individual arbitration for any claim against it "relating to [the] Agreement or [Plaintiff's] loan." (ECF 14-1 at p. 10.)

### D.    Plaintiff is estopped from denying the existence and enforceability of the Loan.

Plaintiff alleges in her Complaint that she received a personal loan from Avant in August of 2017.  (ECF 1-1 at ¶ 26.)  She further alleges that she used that money for "personal, family, and/or household purposes" and repaid a small fraction of the loan before defaulting, and has now sued Avant based on that very same Loan.  (*Id.* at ¶¶ 28-34.)  Accordingly, Plaintiff is estopped from now disclaiming the existence and enforceability of the Loan (including the explicit Arbitration Provision therein) that she admits was issued to her (and the proceeds of which she admits she "used").  *See, e.g.*, *Ambler v. BT Ams., Inc.*, 964 F. Supp. 2d 1169, 1174 (N.D. Cal. 2013) (holding that a defendant who accepted an employment agreement and the resulting work from an employee "would be equitably estopped from arguing that it was not bound by the agreement" and plaintiff's argument that the defendant's failure to sign the agreement "must fail for the same reasons").

### E.    Avant reserves all rights and arguments in support of its motion to compel arbitration.

Avant believes that Plaintiff has failed to meet her burden of establishing a need for discovery related to Avant's Motion to Compel Arbitration.  However, if the Court orders discovery or briefing on the Motion to Compel Arbitration, Avant expressly reserves and does not waive its right to participate in discovery to the fullest extent and to otherwise advance any arguments or produce any additional evidence in support of its Motion to Compel Arbitration.

### F.    Alternatively, if the Court orders limited discovery, it should be confined to targeted written discovery.

15

Plaintiff's Motion does not articulate what discovery she thinks is necessary to resolve the Motion to Compel Arbitration. Based on Plaintiff's plain failure to demonstrate what facts are needed, and the clarity with which the Loan and Avant's supporting documents establish an agreement to arbitrate, any discovery ordered by the Court should be *extremely* narrow and limited to written discovery. No depositions should be allowed based on the current record, which would substantially and unjustifiably drive up the cost of litigation for Avant in a case that should be decided in an arbitration forum.

**CONCLUSION**

Avant produced with its Motion to Compel Arbitration a signed, written Loan agreement containing binding arbitration and class waiver provisions. It is the very same Loan agreement on which Plaintiff's claims are premised, and its existence is not disputed by Plaintiff. Under the plain and unambiguous terms of that Loan, all claims related to the Loan are subject to binding, individual arbitration. Accordingly, no discovery is necessary or warranted, and Plaintiff's Motion should be denied.

16

Respectfully submitted this 18th day of October, 2021.

/s/ Devin Chwastyk

Devin Chwastyk
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
Tel:  717.237.5482
dchwastyk@mcneeslaw.com

Daniel P. Jackson (admitted *pro hac vice*)
Zachary J. Watters (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601-1003
Telephone:  (312) 609-7500
Facsimile:  (312) 609-5005
djackson@vedderprice.com

*Attorneys for Defendant Avant, LLC*

17

## CERTIFICATE OF SERVICE

I, Devin J. Chwastyk, hereby certify that I have, this 18th day of October, 2021, electronically filed the foregoing with the Clerk of the Court using the ECF system, which caused a copy to be served upon all counsel of record.

/s/ Devin Chwastyk

Devin Chwastyk
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
Tel:  717.237.5482
dchwastyk@mcneeslaw.com

Daniel P. Jackson (admitted *pro hac vice*)
Zachary J. Watters (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601-1003
Telephone:  (312) 609-7500
Facsimile:  (312) 609-5005
djackson@vedderprice.com

*Attorneys for Defendant Avant, LLC*