**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

PATRICHA MCDAID, individually and
on behalf of all others similarly situated,

Case No. 2:21-cv-01135

Plaintiff,

v.

AVANT, LLC f/k/a AVANT, INC.,

Defendant.

**REPLY IN SUPPORT OF MOTION FOR DISCOVERY**
**CONCERNING DEFENDANT'S MOTION TO COMPEL**
**INDIVIDUAL ARBITRATION AND TO DISMISS**

**I.    DISCOVERY IS NEEDED BECAUSE AVANT FAILED TO FILE A COMPREHENSIVE AND SUPPORTED MOTION TO COMPEL ARBITRATION.[1]**

While Avant claims it "filed a comprehensive and supported motion to compel arbitration," (Doc. 22, p. 6), this is plainly incorrect. A review of this docket and the one in *Liptak v. Accelerated Inventory Mgmt., LLC*, No. 20-cv-00967, 2021 U.S. Dist. LEXIS 31008 (W.D. Pa. Feb. 19, 2021), a case on which Avant relies, (Doc. 22, pp. 5, 9), illustrates the paucity of evidence Avant produced to support its motion to compel arbitration.

In *Liptak*, a debt buyer produced evidence to prove an agreement to arbitrate was formed, and that it was transferred the right to compel arbitration under that agreement. To prove a valid agreement existed, the debt buyer produced an affidavit from the original creditor, which included a screenshot of the webpage the consumer allegedly used to obtain his loan. *Liptak*, 2:20-cv-00097, Doc. 18-3, Ex. 2. The declarant explained how the consumer navigated the webpage, including the type of device he used (a mobile device), and how the website would have looked to a user on that device. *Id.* at ¶¶ 6-10. Further, to prove it was assigned rights in the agreement, such that it had the right to compel arbitration under the agreement, the debt buyer produced a bill of sale. *Id.* at Ex. 3; *see also id.* at ¶ 13. The debt buyer also produced over one hundred pages of discovery with its initial disclosures to verify the alleged purchase of the agreement and right to compel arbitration, which documents can be produced on request.

---

[1] McDaid filed an opposed discovery motion because Avant refused to join her motion. Although Avant claims this is not what the Court ordered, (Doc. 22, p. 6, n.3), that is incorrect. The Court ordered the parties to discuss whether discovery was necessary and file a joint motion if that was the case. (Doc. 16.) McDaid believed discovery was necessary. Avant, however, decided discovery was unnecessary and refused to join McDaid in seeking it. So, while Avant has deemed the parties briefing on discovery "wasteful" and "unfair," (Doc. 22, pp. 6-7), it was Avant's failure to produce any competent evidence in support of its motion to compel arbitration, as well as Avant's refusal to join McDaid in seeking discovery, that has required this additional briefing.

In this case, by contrast, Avant has produced virtually nothing to justify its motion. Unlike *Liptak*, Avant has not produced any screen shots of the website it claims McDaid visited. This matters because Avant now contends McDaid agreed to the Loan Agreement and Promissory Note (the "Note") by clicking an "I AGREE" button.[2] (Doc. 22, p. 3.) McDaid cannot know what this button looked like, the surrounding context in which the button appeared, the information Avant allegedly displayed before McDaid clicked the button, or whether any click was sufficient to bind her to the Note, without seeing the structure of the website she allegedly used to obtain her loan.[3] *See, e.g., Sgouros v. TransUnion*, 817 F.3d 1029, 1034-36 (7th Cir. 2016) (finding click of "I Accept & Continue to Step 3" button insufficient to user consumer to contract terms given structure of website). And unlike *Liptak*, Avant has not produced any evidence to prove it was assigned any rights in the Note. This matters because the Note only allows *parties* to compel arbitration. (Doc. 14-1, Ex. 1, ¶ 20.)[4] The Note states WebBank, *not Avant*, is a party. (*Id.* ¶ 1.) Avant fails to produce any evidence to prove it became or remains a party.[5] Without such evidence, Avant lacks the right to compel arbitration under the plain terms of the Note. So, unlike *Liptak*, Avant has failed to file

---

[2] The word "click" does not appear in Avant's original motion, and Avant failed to explain (until filing of the instant opposition) how McDaid allegedly assented to the Note. (Doc. 15.)

[3] For example, the website McDaid used could have been structured in a way where she was led to believe by clicking an "I AGREE" button she was agreeing to obtain a loan or have her credit pulled, rather than agreeing to the terms of the Note. Without being able to see the structure of the website Avant claims McDaid used, McDaid cannot know whether the website "gave sufficient notice that any click would bind [her] to the terms [of the Note]." (Doc. 20 ¶ 7.)

[4] Question, "What is this Clause about?" Short Answer, "The parties' agreement to arbitrate Disputes." Further Detail, "Unless prohibited by applicable law and unless you opted out, you and we agree that ***any party may elect to arbitrate or require arbitration*** of any 'Dispute' as defined below." (Doc. 14-1, Ex. 1 ¶ 20.)

[5] Plaintiff recognizes the Note states the arbitration provision stays in force if the Note is assigned. (Doc. 22, pp. 13-14 (citing Doc. 14-1, ¶ 20).) But discovery is still necessary to determine whether Avant became and remains *a party* to the Note because the Note only allows parties to compel arbitration. (Doc. 14-1, ¶ 20.) If Avant was not or is no longer a party to the Note, it cannot compel arbitration under the plain terms of the Note.

"a comprehensive and supported motion to compel arbitration." (Doc. 22, p. 6.) This failure justifies McDaid's request for discovery.[6]

## II.    PLAINTIFF NEED NOT PUT FORTH FACTS UNTIL AVANT SUBMITS COMPETENT EVIDENCE TO PUT THE NOTE AT ISSUE.

As the party moving to compel arbitration, Avant must bring forth competent evidence to place the formation of an arbitration agreement at issue and to prove it has the right to compel arbitration. Avant has not done so here, which is why McDaid requested discovery.

First, discovery is necessary because there is no evidence to prove McDaid assented to the note. The sole and only evidence Avant relies on to prove assent is a sentence in the Note, which states "By clicking the button below reading "I AGREE,' you acknowledge that you have received and have read a completed copy of this note, you understand this note and you agree to its terms, including the arbitration provision." (Doc. 22, p. 3 (citing Doc. 14-1, Ex. 1, p. 14).) This statement, on its own, is inadmissible hearsay. Fed. R. Civ. P. 802. Regardless, and as explained above, Avant has not produced the actual webpage to prove any such "I AGREE" button even existed or was somehow associated with the Note, such that a user would have known that clicking the button would bind them to the Note. *See Sgouros*, 817 F.3d at 1034-36. There is simply no evidence from which a fact finder could conclude McDaid assented to the Note. *See SBRMCOA, LLC v. Bayside Resort, Inc.*, 707 F.3d 267, 271 (3d Cir. 2013) ("[W]hen there is no genuine issue of fact concerning the formation of the [arbitration] agreement" courts should "decide as a matter of law that the parties did or did not enter into such an agreement"); *see also Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1334 (11th Cir. 2016) (When movants "offer[] no competent

---

[6] If the Court denies McDaid's discovery motion based on Avant's representations the discovery is immaterial and unnecessary, then the Court should also find Avant waived its right to introduce any new information to compel arbitration of McDaid's claims in the future.

evidence to demonstrate the existence of a genuine issue of material fact concerning the existence of an arbitration agreement, [a] motion to compel arbitration must be denied as a matter of law without the need for a trial"). This is why discovery is necessary.

Second, discovery is necessary because there is no evidence to prove Avant ever had or currently possesses the right to compel arbitration. Again, the Note states only *parties* may compel arbitration, and shows that Avant is not a party to the Note. (Doc. 14-1, Ex. 1, ¶¶ 1, 20.) Moreover, Avant has not produced any evidence to prove it became or remains a party to the Note.[7] And to the extent Avant relies on McDaid's allegations to prove it became a party, McDaid only alleged that Avant purchased her loan. (Doc. 1-1, ¶ 16-18.) This matters because the loan and the Note are distinct, (Doc. 14-1, Ex. 1, ¶ 1), meaning any alleged purchase of the loan does not prove any rights in the Note were transferred. Regardless, even if the loan and the Note were one and the same, McDaid alleges that Avant sold the loan, (Doc 1-1, ¶ 35), meaning it is no longer a party and, therefore, cannot compel arbitration. So, similar to the issue of assent, there is no evidence to prove Avant ever became a party to the Note, such that it can compel arbitration. This is yet another reason why discovery is necessary.

Third, Avant's "failure to produce any evidence that might support [its arbitration motion] is difficult to understand because on each and every one of the parties' conferences regarding Plaintiff's desire to engage in discovery, counsel for [McDaid] requested that [Avant] provide [evidence] stating [its] basis for [alleging] that [McDaid assented to the Note and that Avant was

---

[7] McDaid recognizes that the Note covers claims between WebBank and related parties. (Doc. 14-1 ¶ 20.) But the Note also allows only parties to the Note to compel arbitration. (*Id.*) Under Utah law (the law that governs the Note) non-signatories may not enforce arbitration agreements when the express language of the contract limits enforcement to parties. *See Cavlovic v. J.C. Penney Corp.*, 884 F.3d 1051, 1057-58 (10th Cir. 2018); *see also White v. Sunoco, Inc.*, 870 F.3d 257, 267-68 (3d Cir. 2017) (same with respect to South Dakota and Florida law).

transferred the right to compel arbitration under the Note]." (Doc. 22, p. 9.) Avant's failure to produce such evidence is peculiar given Avant's claim that, "[i]f discovery is allowed on the issue of arbitrability, Avant can establish the numerous and well-documented ways in which [McDaid] received, viewed, and assented to the [Note]." (*Id.* p. 4 n.2.) It is unclear why Avant did not produce such evidence, or file such evidence with its motion to compel, as Avant has already identified the evidence and believes that such undisclosed evidence will prove Avant's arbitration arguments.

In short, McDaid is entitled to discovery because there is no competent evidence to put any agreement to arbitrate at issue, or to show that Avant has the right to compel arbitration. McDaid need not offer evidence to oppose Avant's complete failure to produce competent evidence to support its motion to compel arbitration. *See Bazemore*, 827 at 1334 ("The Court acknowledges that plaintiff, too, has provided almost no evidentiary support for her contention that she never entered into an arbitration agreement with FBD. Plaintiff has not, for example, submitted an affidavit swearing under oath that she never received the Welcome Kit referenced in Mr. Ryan's declaration. But it is defendant's burden under Georgia law to prove the existence and terms of the contract it wishes to enforce."). Avant's failure to offer competent evidence, on its own, justifies discovery.[8] Accordingly, the Court should grant McDaid's motion and allow the parties to engage in limited discovery concerning "whether Plaintiff assented to arbitrate her claims and whether Defendant can enforce any agreement to arbitration." (Doc. 20-1.)

---

[8] Avant's argument that McDaid must file a Rule 56 affidavit to obtain discovery is unavailing. (Doc. 11, pp. 7-8.) As Avant recognizes, "**where the complaint and supporting documents are unclear** . . . then Rule 56 applies and the parties are entitled to limited discovery." (Doc. 22, p. 5 (emphasis added).) As explained herein, the complaint, combined with the dearth of evidence Avant produced, makes it unclear as to whether a valid arbitration agreement exists and whether Avant can enforce that agreement. In fact, there is no competent evidence to even put at issue the formation of the Note or Avant's standing to enforce it. Discovery is warranted and McDaid's motion should be granted.

Respectfully submitted,

Dated: October 19, 2021

*/s/ Kevin Abramowicz*

Kevin Abramowicz
Kevin Tucker
Chandler Steiger
Stephanie Moore
**East End Trial Group LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: (412) 223-5740
Fax: (412) 626-7101
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that, on October 19, 2021, a true and correct copy of this document was

served upon the following counsel of record by electronic means via the Court's CM/ECF system:

**VEDDER PRICE, P.C.**
Daniel Jackson
Jonathon P. Reinisch
Zachary J. Waters
222 N LaSalle Street, Suite 2600
Chicago, IL 60601
djackson@vedderprice.com
jreinisch@vedderprice.com
zwatters@vedderprice.com

**MCNEES WALLACE & NURICK LLC**
Devin Chwastyk
Rachel R. Hadrick
100 Pine Street, PO Box 1166
Harrisburg, PA 17108
dchwastyk@mcneeslaw.com
rhadrick@mcneeslaw.com

*/s/ Kevin Abramowicz*
Kevin Abramowicz

7