**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH**

PATRICHA MCDAID, INDIVIDUALLY        )
AND ON BEHALF OF ALL OTHER           )
SIMILARLY SITUATED                   )        2:21-CV-01135-RJC
                                     )
                                     )
        Plaintiff,                   )        ECF NO. 20
                                     )
    v.                               )
                                     )
                                     )
AVANT, LLC

        Defendant.

<u>**Memorandum Opinion on Plaintiff's Motion for Discovery Concerning Defendant's**</u>
<u>**Motion to Compel Arbitration**</u>

## I.      Background

This class action complaint alleges that Plaintiff McDaid and other members of the

putative class were charged excessive interest by Defendant, Avant, LLC ("Avant") on a loan in

violation of the Loan Interest Protection Law, 41 Pa. Cons. Stat. § 201, *et seq.* ("LIPL"), the

Consumer Discount Company Act, 7 Pa. Cons. Stat. § 6201, *et seq.* ("CDCA"), and the Unfair

Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201 *et seq.*("UTPCPL").

Defendant filed a Motion to Compel Arbitration and to Dismiss on September 2, 2021.

ECF No. 14. During a conference on September 3, 2021, the Plaintiff indicated she might want

to request discovery prior to filing a response. The Court agreed to allow counsel to discuss the

issue and, if no agreement could be reached, Plaintiff could file a motion. ECF No. 16. This

Motion was filed on October 4, 2021. ECF No. 20. Defendant Responded in opposition on

October 18, 2021 (ECF No. 22), and Plaintiff filed a Reply on October 20, 2021. ECF No. 25.

For the reasons set forth below, the Motion for Discovery will be granted in part.

1

## II.   Analysis

In the Motion to Compel/Dismiss, Defendant argues that Plaintiff's loan with Avant is subject to an arbitration agreement. It avers that the Arbitration Provision is pointed out in bold capital lettering in the first sentence of the Loan Agreement. The provision precludes any court filed actions and any class actions. Defendant's Motion is filed pursuant to a Rule 12(b)(6) standard and it argues that, even though Plaintiff did not attach the Loan Agreement to her Complaint, the Court may consider it in deciding this Motion because it is integral to or relied upon in the Complaint and is an "indisputably authentic document." ECF No. 15 p.10, citing *Silfee v. Auto. Data Processing, Inc.*, 969 F. App'x 576, 578-79 (3d Cir. 2017) and *Mayer v. Belichik*, 605 F.3d 223, 230 (3d Cir. 2010).

Plaintiff requests discovery to "decide whether she assented to the Loan Agreement attached to Avant's motion to compel…." ECF No. 20 p.1. She wants discovery to determine how she was given notice of the Loan Agreement and how she is alleged to have assented. If this were done via clicking an "I AGREE" button, then notice would only be sufficient if the website through which the loan was obtained gave Plaintiff notice she was bound to the terms, particularly the arbitration term. She cites *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014) ("[W]here, as here, there is no evidence that the website user had actual knowledge of the agreement, the validity of the browsewrap agreement turns on whether the website puts a reasonably prudent user on inquiry notice of the terms of the contract."). Plaintiff also cites to *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016), *Starke v. SquareTrade, Inc.*, 913 F.3d 279 (2d Cir. 2019) and *Schnabel v. Trilegiant Corp.*, 697 F.3d 110 (2d Cir. 2012). No cases from this circuit are cited.  These cases stand for  the proposition that  a "clickwrap" agreement typically requires users to click an "I agree" box after being presented with a list of

terms or conditions of use. In contrast, "browsewrap" agreements involve terms posted via a hyperlink and do not ask for express manifestation of assent. *Nicosia*, 834 F.3d at 233. In a browsewrap situation, adequate notice would depend on how conspicuous the terms were on the linked website.

Plaintiff further argues that Avant must further prove it was assigned the rights in the Loan Agreement before it, as a nonsignatory to the Agreement, can move to compel arbitration.

Defendant responds that Plaintiff Signed the Loan on August 25, 2017 and the Loan states: "BY CLICKING THE BUTTON BELOW READING 'I AGREE' YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED AND READ A COMPLETED COPY OF THIS NOTE, YOU UNDERSTAND THE NOTE AND YOU AGREE TO ITS TERMS, INCLUDING THE ARBITRATION PROVISION." ECF No. 14-1 at Ex. 1, p.14. Beneath this is the signature block, containing Plaintiff's name, the last 4 digits of her social security number, etc. Therefore, it is apparent that she assented to the Loan Agreement and the arbitration provision.

The Motion to Compel, according to Defendant, should be decided under a Rule 12(b)(6) standard and not a Rule 56 standard, which would allow for discovery and the introduction of additional facts. In addition, Defendant argues that Plaintiff's failure to attach a declaration or affidavit is fatal to her motion for discovery. She simply makes unsupported allegations via counsel, which is insufficient to lead to what the Defendant avers will be costly and burdensome discovery.

As to the assignment issue, Avant avers that, under the plain and undisputed language of the Loan, it does not matter whether the Loan was assigned. The arbitration provision applies to

Plaintiff and "any person or company that is involved in a Dispute  that you pursue relating to this Agreement or your loan with us." ECF No. 22 p. 17, citing to ECF No. 14-1 p.10.

In her Reply, Plaintiff counters that Avant has not produced enough information to justify its Motion. For example, what did the "I AGREE" button that Plaintiff allegedly clicked look like, what was the surrounding context in which it appeared, what information was displayed prior to McDaid clicking the button. Plaintiff further argues that only parties to the Note are entitled to move to compel arbitration and Avant was not a party, so discovery is also needed on this issue.[1]

## A.  Legal Standard

In *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764 (3d Cir. 2013), the court of appeals clarified the standard of review to be applied in evaluating motions to compel arbitration:

> [W]hen it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Somerset [Consulting, LLC v. United Capital Lenders, LLC]*, 832 F. Supp.2d [474] at 482 [E.D. Pa. 2011]. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because "the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may

---

[1] Plaintiff does not address whether the Court can consider the Loan Agreement on a 12(b)(6) motion, even though it was not attached to the Complaint.

> then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the FAA envisions." *Id.* (quoting 9 U.S.C. § 4).

*Id.* at 776.

In the instant matter, Plaintiff's Complaint[2] on its face fails to assert any allegations suggesting that the stated claims may be subject to an enforceable arbitration agreement. Defendant argues that even though Plaintiff did not attach the Agreement to her Complaint, the Court may consider it in deciding this Motion because it is integral to or relied upon in the Complaint and is an indisputably authentic document. Plaintiff does not address this in her Reply but argues that, in order to succeed, Avant must bring forth competent evidence to place the formation of the arbitration agreement at issue. Plaintiff additionally argues that the Loan Agreement alone is not sufficient for the Court to determine her assent to arbitration and has raised numerous issues as set forth above, i.e. website, presentation of the Agreement, etc. Therefore, she is requesting additional information via discovery to counter the Motion.

Case law in the Third Circuit is not entirely clear on the appropriate standard to apply in determining if an agreement to arbitrate was actually reached. *Guidotti*, 716 F.3d at 771. Some courts have employed the 12(b)(6) standard (*Palcko v. Airborne Express, Inc.,*372 F.3d 588, 597 (3d Cir.2004)) and some favor the Rule 56 standard (*Kaneff v. Del. Title Loans, Inc.,* 587 F.3d 616, 620 (3d Cir. 2009)).  The Court concludes, therefore, that the Complaint, as filed, is unclear regarding the agreement to arbitrate, the 12(b)(6) standard is not appropriate, and limited discovery is necessary on the threshold issue of the existence of a valid arbitration agreement as well as Avant's ability as a nonparty to enforce the same.

### B. Limited Discovery Warranted

---

[2] Initially filed in the Court of Common Pleas of Allegheny County and removed by Defendant.

Although Plaintiff did not attach the Loan Agreement provided by Avant to her Complaint, Avant argues that this is the Agreement that controls. Plaintiff raises a number of issues surrounding the presentation of the Agreement, its terms and her alleged assent. These issues may be addressed by the undertaking of limited discovery via interrogatories and requests for production.

In addition, Defendant was not a signatory to the Agreement containing the arbitration provision. While it may be entitled to enforce the provision, this is not entirely clear. Traditional principles of state law allow a contract to be enforced by a nonparty through various means. *See White v. Sunoco, Inc.* 870 F.3d 257, 262 (3d Cir. 2017). Limited discovery on this issue is also warranted.

### III.    Conclusion

For the reasons set forth above, Plaintiff's Motion for Discovery Concerning Defendant's Motion to Compel Individual Arbitration and to Dismiss will be granted on the limited issues outlined above. Following discovery, Defendant may file a renewed motion to compel arbitration under Rule 56 if warranted.

DATED this 26th  day of October 2021.

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

6