**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PATRICHA MCDAID, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

AVANT, LLC f/k/a AVANT, INC.,

      Defendant.

CASE NO. 2:21-cv-01135-LPL

**DEFENDANT AVANT LLC'S OBJECTIONS TO MAGISTRATE JUDGE LENIHAN'S
MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR DISCOVERY
CONCERNING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Defendant Avant, LLC ("Avant" or "Defendant") makes these Objections to Magistrate Judge Lenihan's Memorandum Opinion on Plaintiff's Motion for Discovery (the "Opinion"), and in support respectfully states as follows:

## I.    INTRODUCTION

Avant objects to the Opinion because it contravenes established Third Circuit law regarding the proper method for deciding motions to compel arbitration and opens the door to discovery that is not warranted on the current factual record. The Opinion amounts to an improper dispositive ruling by deciding that Rule 12 cannot apply to Avant's Motion to Compel Arbitration and ordering Avant to refile its motion under Rule 56, and then rewards Plaintiff's end-around the Third Circuit's established process for ruling on motions to compel arbitration by allowing a separate motion to discovery to proceed first. The motion for discovery should be denied and Plaintiff should respond to the pending Motion to Compel Arbitration, at which time the Court can determine whether it can be decided under Rule 12 or Rule 56.

## II.    STANDARD OF REVIEW

Magistrate judges may generally hear any nondispositive motion or pretrial matter and rule on that issue. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. PRO. 72(a); L.R. 72(C)(1). The standard of review for objections filed in response to any nondispositive pretrial matter is whether the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); L.R. 72(C)(1). "The District Judge may also reconsider any matter *sua sponte*." L.R. 72(C)(2).

Magistrate judges may also submit proposed findings and recommendations for the disposition of dispositive pretrial matters. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. PRO. 72(b)(1); L.R. 72(D)(1). In those circumstances, the District Court judge reviews the report and recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. PRO. 72(c)(3).

### III.    ARGUMENT

**A.    The Opinion is tantamount to a dispositive motion ruling under Rule 12(b)(6) and should be reviewed *de novo*.**

Avant timely filed its Motion to Compel Arbitration on September 2, 2021, arguing that it should be decided under Rule 12, despite Plaintiff's failure to attach the operative Loan Agreement to her Complaint, with citation to ample authority in support. (ECF 15 at 4-5.) The Opinion twice acknowledges Avant's supported argument that Rule 12 should govern (Opinion at 2, 3) and further correctly noted that "Plaintiff does not address whether the Court can consider the Loan Agreement on a 12(b)(6) motion, even though it was not attached to the Complaint." (Opinion at 4.) But rather than deem the argument forfeited by Plaintiff,[1] the Opinion summarily concludes that "the Complaint, as filed, is unclear regarding the agreement to arbitrate, [and] the 12(b)(6) standard is not appropriate." (Opinion at 5.)

That finding is improper and has the effect of ruling that Rule 12 cannot govern the Motion to Compel Arbitration, which is tantamount to a dispositive ruling. The Magistrate Judge has denied Avant's Motion to Compel Arbitration under Rule 12 and forced it proceed on a summary judgment standard. Indeed, the Opinion explicitly directs Avant that if it wants to file a renewed motion after the discovery period, it must do so "under Rule 56." (Opinion at 6; *see also* ECF 27 at 1 ("Defendant shall either refile its Motion pursuant to Rule 56 or notify Plaintiff that it intends to proceed with the Motion as filed.) Despite the Magistrate Judge's suggestion that Avant has the option of standing on the Motion to Compel Arbitration as originally filed, in reality the Opinion forecloses that opportunity by ruling, as a matter of law, that discovery is needed to decide the issue of arbitrability.

---

[1] *Daugherty v. Adams*, 2019 U.S. Dist. LEXIS 200436, at *40 (W.D. Pa. Nov. 15, 2019) ("Because Plaintiffs had an opportunity to respond to the substance of the arguments briefed by Defendants, to the extent Plaintiffs have failed to do so, the Court should deem those arguments waived.").

Thus, the Opinion effectively denied a motion to dismiss under Rule 12 and constitutes a dispositive ruling, for which the Magistrate Judge should have issued proposed findings and recommendations, not a dispositive order. The Court should review the Opinion *de novo* and decline to adopt the Magistrate Judge's Opinion. However, even if the Opinion is reviewed under the "erroneous or contrary to law" standard, it should be rejected for the reasons that follow.

**B.      The Opinion deviates from established Third Circuit precedent regarding the procedure for deciding motions to compel arbitration.**

As the Opinion correctly acknowledges, the Third Circuit's standard for determining whether discovery is needed to decide a motion to compel arbitration was first set forth in *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764 (3d Cir. 2013). (Opinion at 4.) There, the court held that a motion to compel arbitration may be decided under either Rule 12 or Rule 56, depending on the circumstances. Rule 12 is appropriate "where the affirmative defense of arbitrability of claims is apparent on the face of the complaint (or . . . documents relied upon in the complaint)." *Id.* at *773-74 (alterations in original). On the other hand, Rule 56 governs the resolution of a motion to compel arbitration only where "'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a 'naked assertion ... that it did not intend to be bound' by the arbitration agreement." *Id.* at 774 (citations omitted); *see also Liptak*, 2021 U.S. Dist. LEXIS 31008, at *5 (denying discovery and explaining that discovery is warranted only if the complaint and supporting documents are unclear or if "a plaintiff responds to a motion to compel with additional facts. . .").

In this case, the arbitrability of Plaintiff's claims is apparent from the Loan Agreement. (*See* ECF 22 at 6-7 (setting out in detail the provisions of the Loan Agreement that require Plaintiff to arbitrate this case).) The Loan Agreement bears Plaintiff's digital signature, her partial social

3

security number, and the exact date and time that she executed the agreement. Plaintiff does not dispute that she signed the Loan Agreement and, equally importantly, came forward with *no* evidence to create a disputed fact as to her agreement to arbitrate this claim. She also "recognizes" that the Loan Agreement's arbitration provision covers her claims against Avant and that the arbitration provision stays in force if the Loan Agreement is assigned away. (ECF 25 at 2 n.5; 4 n.7.) The plain language of the parties' agreement, coupled with Plaintiff's Complaint which *seeks damages against Avant based on the existence and terms of the Loan Agreement*, sufficiently establish the arbitrability of this case and Rule 12 should govern. *See, e.g., Adams v. Parts Distrib. Xpress, Inc.*, 2021 U.S. Dist. LEXIS 52822, at *4 n.3 (E.D. Pa. Mar. 22, 2021) (holding that the court may consider documents referenced in (but not attached to) the complaint under the motion to dismiss standard when deciding a motion to compel arbitration).

Scrambling for bases to avail herself of discovery, Plaintiff took the following positions:

- Plaintiff purportedly does not know, and refuses to take a position as to, "whether she assented to the Loan Agreement." (ECF 20 at 1.)[2]

- Plaintiff purportedly does not know how "she was given notice of the Loan Agreement" that bears her signature, but refuses to say that she was **not** given notice. (*Id.* at 2.)

- Plaintiff purportedly does not know if she clicked a button to assent to the loan or what information was shown to her when she clicked that button (if at all), but refuses to take any position. (*Id.*)

- Plaintiff needs discovery to determine "whether Avant has the right to elect arbitration under the Loan Agreement," despite the Loan Agreement plainly stating that Avant does have such a right. (*Id.* at 1.)

In other words, Plaintiff provided *nothing* of factual significance to rebut the signed writing that forms the basis for her lawsuit and which compels her claims to arbitration, and certainly nothing

---

[2] This position is particularly difficult to accept given that Plaintiff alleges in her Complaint that she received loan money and made payments on her loan balance, and those transactions are entirely consistent with the terms of the Loan Agreement.

that qualifies as "reliable evidence."  Plaintiff did not even submit a declaration with her personal knowledge of the facts she openly ponders, yet the Opinion granted her discovery anyway.

Nowhere in the procedure set forth in *Guidotti* and reinforced in countless subsequent cases does the Third Circuit suggest that a plaintiff may bypass the need to establish a factual dispute and instead request discovery through attorney argument and hypothetical suggestions of what discovery *might* show.  *See, e.g.*, *Brown v. Sklar - Markind*, 2014 U.S. Dist. LEXIS 157891, at *11-14 (W.D. Pa. Nov. 7, 2014) (explaining the "proper standards for evaluating a motion to compel arbitration" in the Third Circuit, including that discovery may be warranted after "plaintiff has responded to a motion to compel arbitration with additional facts").  Rather, *Guidotti* and its progeny provide that a party may seek to compel arbitration, and the court should determine whether to proceed under Rule 12 or Rule 56 based on the response to that motion.  *See also Silfee v. Auto. Data Processing, Inc.*, 969 Fed. App'x. 576, 578-79 (3d Cir. 2017); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  That makes sense because, unless the signed writing evidencing the parties' agreement to arbitrate were contested with competing evidence, the Court would have no basis to consider the motion under Rule 56 and would proceed under Rule 12.  If the Opinion's procedure were permitted, Rule 12 may never apply because plaintiffs could obtain discovery by simply *wondering* whether they assented to the arbitration agreements bearing their signatures.

**C.**    **Plaintiff failed to carry her burden that discovery is warranted and has been rewarded for artfully pleading around the parties' arbitration agreement.**

Setting aside that Plaintiff has successfully (but improperly) sidestepped her obligation to respond to Avant's Motion to Compel Arbitration by submitting a four-page, unsupported "motion for discovery," nothing raised in that motion justifies the discovery ordered.  Plaintiff was granted discovery on two topics:  (1) whether Plaintiff assented to the terms of the Loan Agreement; and (2) whether Avant may enforce the Loan Agreement's arbitration provision as a "nonparty."

5

> **1.     Plaintiff failed to establish a factual dispute concerning her assent to the Loan Agreement.**

First, Avant has produced a written agreement signed by Plaintiff, together with a sworn declaration attesting to its authenticity, which plainly states that Plaintiff was given notice of the Loan before signing it. (ECF 14-1.) In response, Plaintiff does *not* state that she never received notice of the Loan, does *not* state that she didn't assent to its terms, and does *not* state that she didn't sign it. Instead, she merely seeks discovery on those topics, apparently in hopes of finding some evidence to inform her yet-undisclosed position on assent. That is not a proper basis for discovery in response to a well-supported motion to compel arbitration. *See Morina v. Neiman Marcus Group, Inc.*, 2014 U.S. Dist. LEXIS 141533, at *9 (E.D. Pa. 2014) (A "naked assertion" from the party attempting to avoid arbitration is not sufficient to place the agreement in issue).

Plaintiff's assent to the Loan Agreement's terms is evident from its all-caps text stating: "BY CLICKING THE BUTTON BELOW READING 'I AGREE,' YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED AND HAVE READ A COMPLETED COPY OF THIS NOTE, YOU UNDERSTAND THIS NOTE AND YOU AGREE TO ITS TERMS, INCLUDING THE ARBITRATION PROVISION." (ECF 14-1 at Ex. 1, p. 14.) The Loan Agreement further states that "IT IS IMPORTANT THAT YOU THOROUGHLY READ THE AGREEMENT BEFORE YOU SIGN IT" and advised Plaintiff to "NOT SIGN THIS NOTE BEFORE YOU READ THE WRITING ABOVE, EVEN IF OTHERWISE ADVISED." (*Id.*) Beneath that language is Plaintiff's signature block, containing her name, the last four digits of her social security number, the exact date and time that she signed the agreement, her Customer ID, and a digital signature ID. Plaintiff does not dispute that she signed the Loan Agreement, and common sense dictates that if Plaintiff had a factual basis to dispute her agreement (including even her own recollection), she

6

would have raised it via declaration.  But she didn't, likely because she cannot.[3]  *See also Magee v. Francesca's Holding Corp.*, 2020 U.S. Dist. LEXIS 103798, at \*25 (D.N.J. June 14, 2020) (granting motion to compel arbitration involving clickwrap agreement in part because "parties are presumed to have knowledge of contracts they have signed.")

Avant's opposition to the Motion for Discovery laid out several cases that address this exact scenario, where a Plaintiff demands arbitrability discovery without providing any factual justification, and held that a Plaintiff cannot merely contest arbitrability in the face of a signed writing without "specific facts sufficient to put the agreements to arbitrate at issue."  (ECF 22 at 10-11).  The Opinion does not address any of those cases or explain why Plaintiff is entitled to discovery without submitting even a single fact.

Another case, filed by Plaintiff's counsel, is instructive on this point and further illustrates that Plaintiff's refusal to submit to arbitration is not about the requested discovery.  In *Liptak*, the court denied the plaintiff discovery because the plaintiff "ha[d] not responded to the Defendants' Motion to Compel Arbitration with sufficient facts to place the agreement to arbitrate at issue." *Liptak*, 2021 U.S. Dist. LEXIS 31008, at \*5.  Remarkably, Plaintiff attempts to distinguish *Liptak* because, in her words, the defendant "produced evidence to prove an agreement to arbitrate was formed and that it was transferred the right to compel arbitration under that agreement."  (ECF 25 at 1.)  The Court would be justified in assuming that the plaintiff in *Liptak* (represented by Plaintiff's counsel here) was satisfied by that evidence and did not contest arbitrability.  But that is not the case.  Presented with the very facts Plaintiff seeks here, the plaintiff in *Liptak* **still opposed arbitration and requested limited discovery.**  *Liptak*, Case No. 20-cv-00967, ECF 20.

---

[3] Indeed, by calling into question the enforceability of the Loan Agreement through sworn testimony, Plaintiff would risk dooming her claims, all of which rely on the existence of the Loan Agreement.  It is therefore no surprise that Plaintiff has avoided committing to any position.

Plaintiff's Motion for Discovery is just another attempt to muddy the waters and avoid the consequences of the written arbitration agreement to which she voluntarily signed.

> ### 2.   Plaintiff failed to establish that assignment of the Loan Agreement is relevant to the Motion to Compel Arbitration.

The Opinion also ordered discovery on whether Avant may enforce the Loan Agreement's terms.  That issue is a distraction because Avant can enforce the arbitration provision regardless of to whom the Loan Agreement was assigned.  It applies to Plaintiff, WebBank, and "any person or company that is involved in a Dispute that you pursue relating to this Agreement or your loan with us," which includes Avant.  (ECF 14-1 at p. 10.)  Plaintiff conceded that the Loan Agreement covers claims involving Avant (ECF 25 at 4 n.7), but argues that only a "party" to the Loan Agreement can compel arbitration.[4]  That is a misreading of the terms of the Loan Agreement, and Plaintiff does not point to specific language that supports her argument, instead citing broadly to Sections 1 and 20 (which together span approximately four pages of text).  (ECF 25 at 4.)  In fact, Section 20 uses the term "party" not in reference to a party to the Loan Agreement, but in reference to "parties" to an arbitrable dispute.  The Loan Agreement states that the arbitration provision concerns "the parties' agreement to arbitrate disputes," which is the right of "any party . . . to arbitrate or require arbitration of any 'Dispute' as defined below."  (ECF 14-1 at § 20.)  The "Dispute" is defined with the "broadest possible meaning" to include "all . . . claims directly or indirectly arising from or related to your application, this Agreement, [and] your loan and relationship with us."  (*Id.*)  Additionally, the arbitration provision applies not only to WebBank, but also "Related Parties" that include "any person or company that is involved in a Dispute that [Plaintiff] pursue[s] relating to this Agreement or your loan with us."  (*Id.*)  Read together, the term "party" is a reference to the party involved in a dispute to which the arbitration provision

---

[4] Notably, this argument was raised for the first time in Plaintiff's reply brief.

8

governs.  It would be nonsensical to read the agreement as permitting only the party to the *Loan Agreement* to enforce arbitration when that party is not even involved in the arbitrable dispute.

### 3.    Plaintiff should not be rewarded for artfully pleading around the binding Loan Agreement.

Further, the Opinion runs directly counter to the purposes of the FAA and encourages the type of artful pleading in which Plaintiff has engaged here.  Consider that, despite Plaintiff and her counsel both possessing the Loan Agreement *before* filing this lawsuit, and each of Plaintiff's causes of action being based exclusively on the terms of the Loan Agreement, Plaintiff did not attach a copy of the Loan Agreement to the Complaint.  That was almost certainly by design, to avoid making the arbitrability of her claims clear from the face of the Complaint.  The law does not allow that gamesmanship.  *See Hrapczynski v. Bristlecone, Inc.*, 2021 U.S. Dist. LEXIS 141433, at *6 (E.D. Pa. July 29, 2021) ("it would frustrate the purposes of the [FAA] if plaintiffs could avoid having their claims quickly compelled to arbitration simply by failing to mention the existence of clearly applicable arbitration agreements in their complaints").[5]  The Opinion not only countenances that pleading strategy, it *rewards* Plaintiff by holding that "the Complaint, as filed, is unclear."  (Opinion at 5.)  Discovery is not warranted because Plaintiff omitted the agreement.

### D.    The Opinion arguably allows only one-way discovery and on an untenable schedule.

Avant further objects to the Opinion and corresponding order to the extent that they grant only Plaintiff, and not Avant, the right to seek discovery related to arbitrability.  (*See* ECF 27 at 1 ("**Plaintiff** will be allowed 45 days to conduct limited written discovery on the issue of arbitrability." (emphasis added).)  It is not appropriate that only Plaintiff be permitted to explore

---

[5] *See also Berryman v. Newalta Envtl. Servs.*, 2018 U.S. Dist. LEXIS 186789, at *12 n.4 (W.D. Pa. Nov. 1, 2018); *Santana v. A.L. Recovery, LLC*, 2018 U.S. Dist. LEXIS 138652, at *11-12 (W.D. Pa. Aug. 16, 2018); *Saechow v. Phila. Academic Health Sys.*, 2021 U.S. Dist. LEXIS 62424, at *6 n.8 (E.D. Pa. Mar. 31, 2021).

the facts concerning arbitrability and Avant requests an equal opportunity to conduct discovery.[6]

Further, the Opinion ordered that discovery be completed by December 10, 2021, and that Avant refile its Motion to Compel Arbitration by December 28, 2021. (ECF 27.) Given that Avant's responses to Plaintiff's discovery are due November 29, 2021, the parties have only nine business days to review the discovery responses, discuss any disputes, and potentially raise any issues with the Court.[7] Accordingly, Avant has filed a Motion to Stay Discovery pending the outcome of these Objections. If the Court denies these Objections, Avant requests 90 days (as Plaintiff herself originally requested (ECF 20-1)) to complete discovery on the arbitrability issues.

E.     **The Opinion does not address Avant's argument that Plaintiff is estopped from disputing the enforceability of the Loan Agreement.**

Plaintiff alleges in her Complaint that she received, used, and partially repaid a personal loan from Avant in August of 2017. (ECF 1-1 at ¶¶ 26, 28-34.) Accordingly, Plaintiff is estopped from now disclaiming the existence and enforceability of the Loan (including the explicit Arbitration Provision therein) that she admits was issued to her (and the proceeds of which she admits she "used"). *See, e.g.*, *HealthPlanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 329 (W.D. Pa. Apr. 28, 2020) (holding that a plaintiff that enjoyed the benefits of an agreement was estopped from denying that it was bound by the arbitration clause).[8]

IV.   **CONCLUSION**

WHEREFORE, Avant respectfully requests that the Court reject the Opinion, order that no discovery is warranted on the current record, and order that Plaintiff respond to the Motion to Compel Arbitration.

---

[6] Indeed, in its opposition to Plaintiff's Motion for Discovery, Avant expressly "reserve[d] and [did] not waive its right to participate in discovery to the fullest extent and to otherwise advance any arguments or produce any additional evidence in support of its Motion to Compel Arbitration." (ECF 22 at 15.)

[7] Moreover, the Opinion does not appear to allow Avant to file a reply brief.

[8] *See also Hornicek v. Cardworks Servicing, LLC*, 2011 U.S. Dist. LEXIS 70125, at *7-8 n.3 (E.D. Pa. June 29, 2011); *Ambler v. BT Ams., Inc.*, 964 F. Supp. 2d 1169, 1174 (N.D. Cal. 2013).

November 9, 2021                              /s/ Devin Chwastyk _____

                                             Devin Chwastyk
                                             McNees Wallace & Nurick LLC
                                             100 Pine Street
                                             Harrisburg, PA 17101
                                             Tel:  717.237.5482
                                             dchwastyk@mcneeslaw.com

                                             Daniel P. Jackson (admitted *pro hac vice*)
                                             Zachary J. Watters (admitted *pro hac vice*)
                                             Jonathon P. Reinisch (admitted *pro hac vice*)
                                             Vedder Price P.C.
                                             222 North LaSalle Street
                                             Chicago, Illinois 60601-1003
                                             Telephone:  (312) 609-7500
                                             Facsimile:  (312) 609-5005
                                             djackson@vedderprice.com

                                             *Attorneys for Defendant Avant, LLC*

11

**CERTIFICATE OF SERVICE**

I, Devin J. Chwastyk, hereby certify that I have, this 9th day of November, 2021, electronically filed the foregoing with the Clerk of the Court using the ECF system, which caused a copy to be served upon all counsel of record.

/s/ Devin Chwastyk

Devin Chwastyk
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
Tel:  717.237.5482
dchwastyk@mcneeslaw.com

Daniel P. Jackson (admitted *pro hac vice*)
Zachary J. Watters (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601-1003
Telephone:  (312) 609-7500
Facsimile:  (312) 609-5005
djackson@vedderprice.com

*Attorneys for Defendant Avant, LLC*