# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICHA MCDAID, individually and on
behalf of all others similarly situated,

       Plaintiff,

v.

    CASE NO. 2:21-cv-01135-LPL

AVANT, LLC f/k/a AVANT, INC.,

       Defendant.

**DEFENDANT AVANT LLC'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE LENIHAN'S MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR DISCOVERY CONCERNING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Defendant Avant, LLC ("Avant" or "Defendant") submits this Reply in Support of its Objections to Magistrate Judge Lenihan's Memorandum Opinion on Plaintiff's Motion for Discovery (the "Opinion"), and in support respectfully states as follows:

## I.   INTRODUCTION

In her Response, Plaintiff has once again failed to come forward with any facts to call the signed, written Loan Agreement into question or avoid the binding arbitration provision to which she agreed.  Instead, Plaintiff relies on tortured interpretations of the Loan Agreement's terms to manufacture questions of fact that Plaintiff hopes will entitle her discovery without her first committing to any factual position.  By countenancing that strategy, the Opinion misapplied Third Circuit law governing the resolution of motions to compel arbitration and should be rejected.

In lieu of legal authority and factual assertions, Plaintiff's response to Avant's Objections primarily relies on criticisms of Avant and ignores much of the substance of Avant's objections. Indeed, the first page of Plaintiff's brief focuses on attacking Avant's business (which has nothing to do with whether this claim is arbitrable) and accuses Avant of violating Rule 1 by timely pursuing its rights under Rule 72 and Local Rule 72.  (ECF 38 at 4.)  Plaintiff's position is that Avant should have just agreed to unnecessary discovery at Plaintiff's request, and by opposing discovery Avant has caused too much briefing.  (ECF 38 at 1, 10 n.9.)  However, the current situation could have been avoided entirely if, after Avant timely moved to compel arbitration, Plaintiff had simply responded to the motion with facts sufficient to establish a need for discovery, or not, in which case the motion would have been decided under Rule 12.  She didn't do so, instead pursuing a "motion for discovery" that caused  the parties to brief a separate motion, which resulted in the Opinion.  (ECF 26.)  Now, Avant is required to object to that ruling or risk waiving its right to appeal the errors in the Opinion (notably, Avant has an automatic right of appeal under the FAA if its motion to compel arbitration is denied).  Thus, the Opinion should be rejected.

## II.    ARGUMENT

### A.    Plaintiff sidesteps the dispositive nature of the Magistrate Judge's Opinion and the misapplication of established Third Circuit procedure for motions to compel arbitration.

By ordering discovery on Avant's Motion to Compel Arbitration, the Opinion effectively ruled that Avant's Motion to Compel Arbitration cannot proceed under Rule 12.  (ECF 30 at 2-3.) The Opinion ruled that way without *any* factual submission by Plaintiff to call into question the signed, written Loan Agreement.  That was improper, because the Third Circuit requires the Court to evaluate the motion to compel arbitration and decide whether Rule 12 should apply.  (ECF 30 at 3 (collecting governing authority).)  By preemptively ruling that Rule 12 *cannot* apply to Avant's Motion to Compel Arbitration, the Magistrate Judge excused Plaintiff from her obligation to come forward with facts and evidence to invoke Rule 56 (explained further below).  Worse still, after ordering discovery without first requiring a response to the motion to compel arbitration, the Opinion orders that if Avant refiles its motion, Avant must do so "under Rule 56."  (Opinion at 6; ECF 27 at 1.)[1]  That is a ruling that Rule 12 does not govern and that "the parties are entitled to discovery."  *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 776 (3d Cir. 2013).

Arbitration agreements are presumed to be valid and enforceable, and arbitration must be compelled, where there is a valid agreement to arbitrate.  *See Shearson Express v. McMahon*, 482 U.S. 220, 226 (1987); *Patterson v. Lear Capital, Inc.*, 2020 U.S. Dist. LEXIS 191795, at *5 (D. Utah Oct. 15, 2020) ("Under Section 2 of the [FAA], written arbitration agreements 'involving commerce' are presumed 'valid, irrevocable, and enforceable.'") (quotation omitted). From there,

---

[1] The Opinion should not have directed Avant to re-file its motion to compel arbitration under Rule 12 or Rule 56.  Under the FAA's and the Third Circuit's procedure for deciding a motion to compel arbitration (discussed further herein), the Court should evaluate the fully briefed motion and supporting materials to decide which standard governs.  By requiring that Avant specify that its motion will proceed under Rule 56, the Magistrate Judge prematurely made that determination and Avant has been deprived of the opportunity to proceed under Rule 12.

2

it is the party opposing arbitration that bears the burden of showing that the arbitration agreement is invalid or does not apply to the claims at issue. *See Green Tree Fin. Corp-Ala v. Randolph*, 531 U.S. 79, 91-92 (2000); *see also Singh v. Uber Techs., Inc.*, 2021 U.S. Dist. LEXIS 225732, at *19-20 (D.N.J. Nov. 23, 2021). Plaintiff does not even acknowledge, let alone distinguish, any of the authority stating that Plaintiff is not entitled to discovery before responding to the motion to compel arbitration with "additional facts." *See, e.g.*, *Silfee v. Auto. Data Processing, Inc.*, 696 Fed. App'x 576, 578-79 (3d Cir. 2017); *Brown v. Sklar - Markind*, 2014 U.S. Dist. LEXIS 157891, at *11-14 (W.D. Pa. Nov. 7, 2014). As Avant has previously emphasized, "a naked assertion" from the other party is not enough to call the agreement into question. *See, e.g.*, *Morina v. Neiman Marcus*, 2014 U.S. Dist. LEXIS 141533, at *9 (E.D. Pa. 2014). Rather than hold Plaintiff to her obligation to advance "additional facts," the Magistrate Judge accepted attorney argument and hypothetical musings (i.e., "naked assertions") as sufficient grounds to open the door to discovery. (ECF 20 at ¶¶ 5-11.) That ruling effectively assumes a disputed fact concerning the Loan Agreement *that does not exist on the current record*.

The Third Circuit's procedure here simply was not followed when the Court ruled that Rule 12 cannot apply to the motion to compel arbitration and granted Plaintiff leave to conduct premature discovery. These rulings are unfair to Avant and should be rejected.

**B.    There is no issue of fact concerning Plaintiff's assent to the Loan Agreement that would justify discovery or application of Rule 56.**

As explained above and throughout the briefing on this issue, Plaintiff has not advanced a single fact to dispute the existence and enforceability of the Loan Agreement. Rather, Plaintiff has merely raised "questions" about hypothetical evidence that *could* be discovered in support of claims she *might* make in the future. That trend continues in Plaintiff's Response, which suggests in a footnote that the Loan Agreement does not bear her signature because the signature is not

3

"handwritten or electronic signature." (ECF 38 at 4 n.4.) That argument is untenable. Plaintiff's signature block, excerpted below, is labeled "Customer Signature," contains the precise date and time that Plaintiff signed, her digital signature ID, and a signature code:

[I AGREE]

> Customer Signature:
> Name: PATRICHA MCDAID
> Last 4 SSN: 3181
> Signed At: August 25, 2017 12:04
> Customer ID: 107552638
> SIGNATURE: b1d06d60b79188f17ebb6ad3309ed3ebb8386608

(ECF 14-1.) Plaintiff offers no factual elaboration or legal authority as to why the signature does not constitute an "electronic signature",[2] but that does not stop Plaintiff from accusing Avant of "misrepresenting" the fact that the Loan Agreement is signed. *See Dicent v. Kaplan Univ.*, 2018 U.S. Dist. LEXIS 101508, at \*11 (M.D. Pa. 2018) ("Under Pennsylvania law, electronic signatures are to be given the same effect as written signatures."); *VT Holdings LLC v. My Investing Place LLC*, 2019 UT App 37, ¶ 19 ("A record or signature may not be denied legal effect or enforceability solely because it is in electronic form") (quoting Utah Code section 57-1-33.1). If Plaintiff disputed that she signed the agreement—which she has never done—more information may be needed related to her digital signature. But her signature is undisputed, and Rule 12 governs.

The flaw in Plaintiff's position is highlighted by her chosen authority. Plaintiff relies on *Bazemore v. Jefferson Capital Sys.*, 827 F.3d 1325 (11th Cir. 2016), for her argument that she need not put forth any facts to dispute arbitrability. (ECF 38 at 2.) But *Bazemore* involved an **unsigned** agreement and arbitrability turned on whether the plaintiff ever saw the terms on a website. In

---

[2] This is yet another example of Plaintiff testing an argument without committing to the corresponding factual position. Is Plaintiff suggesting that she did *not* sign the agreement? Is Plaintiff arguing that this electronic signature is somehow unenforceable under the Electronic Signatures Act or the Pennsylvania Electronic Transactions Act? The Court and Avant are left to wonder.

fact, the *only* evidence in that case that the plaintiff had even seen the arbitration provision was an affidavit from the defendant stating that she "would have" seen it as part of the bank's ordinary practice; a statement that was not supported with documents or even personal knowledge from the declarant. *Bazemore*, 827 F.3d at 1327. Contrast those circumstances to this case, which involves a signed writing and a Plaintiff who *admits* in her Complaint that she obtained a loan on the exact same terms set forth in her Loan Agreement. *Bazemore* is irrelevant and, if anything, supports a finding that no discovery is warranted here.

Similarly, Plaintiff argues that the way the "I Agree" button was positioned is "relevant" and "indispensable." (ECF 38 at 3.) But the case cited in support, *Sgouros v. TransUnion*, 817 F. 3d 1029, 1033 (7th Cir. 2016), involved a digital button that the user pressed to *consent to have TransUnion pull her credit*. The critical holding from *Sgouros* was:

> TransUnion undid whatever notice it might have been furnishing in its bold text block by explicitly stating that a click on the button constituted assent for TransUnion to obtain access to the purchaser's personal information. That text distracted the purchaser from the Service Agreement by informing him that clicking served a particular purpose unrelated to the Agreement.

*Id.* at 1036. Those facts are distinguishable from this case, where the Loan Agreement by its unrebutted terms ties the act of "clicking the button" to acceptance of the arbitration agreement. In fact, the Loan Agreement expressly states that, by clicking the button, Plaintiff: (1) received the Loan Agreement; (2) read the Loan Agreement; (3) understood the Loan Agreement; and (4) agreed to the terms of the Loan Agreement, "including the arbitration provision." (ECF 14-1 at 14.) *Sgouros* does not help Plaintiff.

In sum, the Court has before it a signed, written agreement that states Plaintiff had an opportunity to receive, read, acknowledge, and agree to its terms before signing. In response, Plaintiff does not assert that she did not receive, read, acknowledge, or agree to the terms. Avant

has met its burden to compel arbitration under Rule 12, while Plaintiff has done nothing to entitle her to discovery under Rule 56.  *See also Magee v. Francesca's Holding Corp.*, 2020 U.S. Dist. LEXIS 103798, at \*25 (D.N.J. June 14, 2020) (compelling arbitration involving clickwrap agreement because "parties are presumed to have knowledge of contracts they have signed").

**C.    Plaintiff failed to establish that assignment of the Loan Agreement is relevant to the Motion to Compel Arbitration.**

The Loan Agreement, by its plain terms, allows any party to an arbitrable dispute to compel arbitration.  (*See* ECF 30 at 8-9.)  Urging a different result, Plaintiff argues that only a "party" to the Loan Agreement can seek to compel arbitration under its terms, and in support relies on *White v. Sunoco, Inc.*, 870 F.3d 257, 262 (3d Cir. 2017).  But *White* confirms that the Loan Agreement cannot be read as Plaintiff insists it should be.  The arbitration agreement in *White* defined who could compel arbitration, stating: "At any time **you** or **we** may ask an appropriate court to compel arbitration of Claims."  *Id.* at 261 (emphasis added).  The agreement defined "you" to mean "the person who applied to open this account" and defined "we" to mean "Citibank, N.A."  *Id.* at 260.  Thus, the arbitration provision in *White* clearly provided that only the plaintiff or Citibank could compel arbitration.  Like that arbitration provision, the Loan Agreement in this case also defines the terms "you" to mean the borrower (Plaintiff) and "we" to mean "WebBank, and after consummation any person who obtains WebBank's rights in this Note."  (ECF 14-1 § 1.)  But *unlike* *White*, the Loan Agreement in this case does not limit who can compel arbitration to "you" and "we."  Instead, it provides that "**you** and **we** agree that **any party** may elect to arbitrate or require arbitration of any 'Dispute' as defined below."  (*Id.* § 20 (emphasis added).)  Party is nowhere defined as being limited to the "you" and "we" terms, and its inclusion in the same sentence as "you" and "we" shows that there was no intent to limit its meaning to the parties defined as "you" and "we."

6

Plaintiff's interpretation of the Loan Agreement requires the Court to rewrite Section 20 in a manner more favorable to Plaintiff.  If the term "any party" were read as limited to "the parties to the Loan Agreement," then the application provision of Section 20 would need to state "you and we agree that either you or we may elect to arbitrate."  But the Loan Agreement deliberately used the term "any party," which is plainly broader than "you and we."  Indeed, when the contract is read as a whole (as it must be), its other provisions indicate that the Loan Agreement uses the term "party" differently and more broadly than the terms "you" and "we."  The first column on page 7 of the Loan Agreement explains whether "you and we are giving up any rights," meaning that the parties to the Loan Agreement (as those terms are defined) are giving up certain rights.  On that same page, the Loan Agreement similarly explains that "you or another consumer" cannot start class arbitration, broadening that section to include other consumers who are not parties to the agreement.  On the following page, the Loan Agreement explains what "a party [must] do before starting a lawsuit or arbitration," evidencing a different intent than when limiting a section's applicability to "you" and "we".  The same is true of the clause granting "any party" the right to elect arbitration, which must be read to include any party to an arbitrable dispute.  Thus, whether or not Avant is or ever was a party to the Loan Agreement is not relevant to determining whether Avant can compel arbitration.  Under the plain language of the Loan Agreement, it can.

**D.    Plaintiff twice requests improper advisory opinions regarding the future use of evidence.**

Plaintiff makes two separate requests that Avant be precluded, in the future, from taking certain positions in support of arbitration based on events that have not yet occurred.  Neither request is appropriate.  First, Plaintiff argues that Avant should not be allowed to introduce evidence on Reply in support of its motion to compel arbitration, apparently as a different party did in an unrelated case.  (ECF 38 at 5 (referencing *Henry v. Marlette Funding, LLC*, 21-cv-

00985).) This hypothetical and arbitrary argument has no relevance to this case. Avant has been clear that a decision on its Motion to Compel Arbitration should proceed under Rule 12, and that Avant would participate in and rely on discovery if the Court ordered it after briefing on the Motion to Compel Arbitration. Thus, if the Court were to apply the Rule 56 standard, Avant should not be precluded from submitting its own evidence in support, particularly in response to evidence or arguments (if any) that Plaintiff raises in opposition.[3] *See Air Prods. & Chems. v. Brandenburg Indus. Serv. Co.*, 2007 U.S. Dist. LEXIS 111177, at *2 n.1 (allowing leave to file a reply brief that responded to arguments raised in the opposition brief); *Smithkline Beecham PLC v. Teva Pharms.*, 2007 U.S. Dist. LEXIS 45703, at *4-7 (D.N.J. June 22, 2007) (allowing a declaration submitted with a sur-reply that responded to an argument made on reply); *Zheng v. Live Auctioneers LLC*, 2021 WL 2043562, at *6 (S.D.N.Y. May 21, 2021) ("New materials may be submitted with a reply brief when responding to new arguments made by the responding party 'to avoid giving an unfair advantage to the answering party'"); *Filipkowski v. Bethpage Fed. Credit Union*, 2021 WL 826016, at *1 (E.D.N.Y. Mar. 4, 2021) (similar).

Second, Plaintiff goes further, demanding that if Avant succeeds on these Objections, it must be *prohibited* from introducing any evidence to support arbitrability, either on the pending motion to compel or some future, re-filed version. (ECF 38 at 9.) This is, once again, not the procedure under Third Circuit law, and the Court should not at this stage bar Avant from using evidence that may or may not be produced in future discovery. *See, e.g.*, *Thomas v. Keystone Real Estate Grp.*, 2015 U.S. Dist. LEXIS 40896, at *16 n.2 (M.D. Pa. Mar. 31, 2015) (holding that the court cannot issue an advisory opinion on discovery disputes that have not yet arisen); *Bank of Am.*

---

[3] Indeed, it is not for "reasons unknown" that Avant is not producing documents at this stage. (ECF 38 at 9.) It is because discovery is unwarranted on the current record and Plaintiff's claim should proceed in an arbitrable forum.

*v. Martin*, 2013 U.S. Dist. LEXIS 1303, at *23 (M.D. Pa. Sept. 12, 2013) (courts cannot issue "an opinion advising what the law would be upon a hypothetical state of facts"). When Plaintiff finally responds to Avant's Motion to Compel Arbitration and for the first time takes a position on the issues she claims call for discovery, both Avant and the Court will know whether discovery is needed. For instance, if Plaintiff responds to the motion to compel with the same noncommittal arguments and hypotheticals on which she relied to seek discovery, then no discovery is necessary and the court should decide the motion under Rule 12. But if Plaintiff's position changes, and discovery later becomes justified, Avant will of course participate and rely on that evidence.

### E.      The Court's Order <u>does</u> permit only one-way discovery.

Without referencing the language of the Order, Plaintiff asserts that both parties were entitled to discovery. (ECF 38 at 10.) That's not what the Order says. It says "Plaintiff will be allowed 45 days to conduct limited written discovery," and does not say that "Avant" or "Defendant" shall have the same opportunity. (ECF 27.) Regardless, because the parties are in agreement that Avant is entitled to discovery, the Court should sustain Avant's objection to the one-way nature of the ordered discovery (if these Objections are otherwise overruled).

### F.      Plaintiff's new arguments have been waived and regardless do not justify the procedure employed in this case.

Plaintiff argues that the Loan Agreement is "irrelevant," "does not support McDaid's complaint," and "should not have even be[en] considered in deciding whether discovery is necessary." (ECF 38 at 8.) Those arguments have been waived because Plaintiff did not raise them in her motion for discovery, waiting instead to raise them before the district court. *See In re National Collegiate Student Loan Trusts*, 971 F.3d 433, 444 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived."); *Reed v. Saul*, 2021 U.S. Dist. LEXIS 136450, at *5 (M.D.

9

Pa. July 22, 2021).  Additionally, these new arguments are contradicted by Plaintiff's arguments in support of her motion for discovery.  There, Plaintiff repeatedly argued that the discovery into the circumstances of the Loan Agreement "matters."  (ECF 20 at ¶¶ 7, 10.)  If it "mattered" for Plaintiff's request to obtain arbitrability discovery (*id.*), how can it now be "[ignored] in deciding whether discovery is necessary"?  (ECF 38 at 8; *also compare* ECF 38 at 9 (arguing now that "the Court should have confined its analysis to the complaint") *with* ECF 20 at 5 (insisting that "discovery is necessary to decide whether she assented to the Loan Agreement").)

Regardless, Plaintiff's attempt to divorce the loan (i.e., the transfer of money) from the written agreement that authorized and defines the scope of that loan is unavailing.  Plaintiff cannot credibly argue that she believed she was advanced funds without a written agreement, particularly where she litigated a separate claim about the very same loan before filing this case.  (Compl. ¶¶ 37-39.)  The interest and fees that Plaintiff alleges violate Pennsylvania law (ECF 38 at 8-9) are pursuant to the Loan Agreement, which is of course relevant to Plaintiff's claims.  *See Booth v. BMO Harris Bank*, 2014 U.S. Dist. LEXIS 111053, at *22-24 (E.D. Pa. Aug. 11, 2014) (rejecting argument that the claims related to unlawful interest rates are not intertwined with the written loan agreement in part because, "without the loan agreements, defendants would not have loans to facilitate" and "Plaintiff's entire case depends on the contents of the loan agreements"); *Gerndon v. Green Tree Serv., LLC*, 2016 U.S. Dist. LEXIS 53937, at *14 (M.D. Pa. Apr. 22, 2016) (similar).  Plaintiff's effort to distance herself from the written integration of her loan, without providing any relevant authority, does not somehow avoid the conclusion that her claim is arbitrable.

## III.    CONCLUSION

WHEREFORE, Avant respectfully requests that the Court reject the Opinion, order that no discovery is warranted, and order that Plaintiff respond to the Motion to Compel Arbitration.

November 29, 2021                          /s/ Devin Chwastyk_____

                                          Devin Chwastyk
                                          McNees Wallace & Nurick LLC
                                          100 Pine Street
                                          Harrisburg, PA 17101
                                          Tel:  717.237.5482
                                          dchwastyk@mcneeslaw.com

                                          Daniel P. Jackson (admitted *pro hac vice*)
                                          Zachary J. Watters (admitted *pro hac vice*)
                                          Jonathon P. Reinisch (admitted *pro hac vice*)
                                          Vedder Price P.C.
                                          222 North LaSalle Street
                                          Chicago, Illinois 60601-1003
                                          Telephone:  (312) 609-7500
                                          Facsimile:  (312) 609-5005
                                          djackson@vedderprice.com

                                          *Attorneys for Defendant Avant, LLC*

11

## <u>CERTIFICATE OF SERVICE</u>

I, Devin J. Chwastyk, hereby certify that I have, this 29th day of November, 2021, electronically filed the foregoing with the Clerk of the Court using the ECF system, which caused a copy to be served upon all counsel of record.

*/s/* Devin Chwastyk

Devin Chwastyk
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
Tel:  717.237.5482
dchwastyk@mcneeslaw.com

Daniel P. Jackson (admitted *pro hac vice*)
Zachary J. Watters (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601-1003
Telephone:  (312) 609-7500
Facsimile:  (312) 609-5005
djackson@vedderprice.com

*Attorneys for Defendant Avant, LLC*