**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PATRICHA MCDAID, individually and on
behalf of all others similarly situated,

   Plaintiff,

  vs.

AVANT, LLC f/k/a AVANT, INC.,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:21-cv-1135-RJC

**<u>MEMORANDUM ORDER</u>**

Presently pending before the Court are Defendant Avant LLC's Objections [ECF No. 30] to Magistrate Judge Lenihan's Memorandum Opinion on Plaintiff's Motion for Discovery Concerning Defendant's Motion to Compel Arbitration [ECF No. 26]. The objections are overruled.

Defendant argues that the Magistrate's decision is "tantamount to a dispositive motion ruling under 12(b)(6) and should be reviewed *de novo*." [ECF No. 30 at 3]. District courts conduct a *de novo* review of a magistrate judge's legal conclusions on non-dispositive matters where a party objects on the basis that those conclusions were contrary to law. *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (for a non-dispositive motion referred to a magistrate judge, district courts "review[ ] findings of fact for clear error and [ ] review matters of law *de novo*") (citation omitted). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D. N.J. 2008) (quoting *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D. N.J. 1998)).

On the other hand, pursuant to 28 U.S.C. § 636(b)(1)(A), "[a] judge of the court may reconsider any [non-dispositive] pretrial matter ... where it has been shown that the magistrate

judge's order is clearly erroneous or contrary to law"); FED. R. CIV. P. 72(a) (providing that a district judge "must consider timely objections and modify or set aside any part of [an] order [on a non-dispositive matter] that is clearly erroneous or is contrary to law").

The Third Circuit has provided specific guidance with regard to "the standard for district courts to apply when determining whether, in a specific case, an agreement to arbitrate was actually reached." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.,* 716 F.3d 764, 771 (3d Cir. 2013). The standard varies depending on the circumstances presented.

The first scenario arises "'when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause....'" *Id.* at 776 (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC,* 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). In these cases, the motion to compel arbitration should be considered under a motion to dismiss standard pursuant to Federal Rule of Civil Procedure 12(b)(6), and no further discovery should be permitted. *Id.*

The second scenario arises where either "the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue...." *Id.* (citing *Somerse*t, 832 F. Supp. 2d. at 482). Under these circumstances, "the parties should be entitled to discovery on the question of arbitrability," after which the district court "may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard" pursuant to Federal Rule of Civil Procedure 56(a). *Id.* (quoting *Somerset*, 832 F. Supp. 2d. at 482). Where a genuine dispute of material fact regarding the formation of an arbitration agreement remains following this limited discovery, a "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or

refusal to perform the same,' as Section 4 of the FAA envisions." *Id.* (quoting *Somerset,* 832 F. Supp. 2d at 482 (citing 9 U.S.C. § 4)).

Judge Lenihan properly considered these standards in her decision. (ECF No. 26 at 4-5). Plaintiff did not attach the Loan Agreement provided by Avant to her Complaint.  Nor did the complaint aver any allegations suggesting that the stated claims may be subject to an enforceable arbitration agreement, nor did the Note (which reads it is enforceable by "parties," ECF No. 14-1 at ¶¶ 1, 20) or any of the scant evidence supplied by Avant, indicate with clarity that Plaintiff assented to its terms.  Judge Lenihan properly and accordingly determined that "that the Complaint, as filed, is unclear regarding the agreement to arbitrate, the 12(b)(6) standard is not appropriate, and limited discovery is necessary on the threshold issue of the existence of a valid arbitration agreement as well as Avant's ability as a nonparty to enforce the same.

Accordingly, the objections are OVERRULED, and this matter is returned to Magistrate Judge Lenihan for any further consideration and scheduling orders with respect to discovery.

Dated:  February 10, 2022

BY THE COURT:

/s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

CC/ECF: Hon. Lisa Pupo Lenihan
         Counsel of Record

3