IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICHA MCDAID, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.                                                                          CASE NO. 2:21-cv-01135-LPL

AVANT, LLC f/k/a AVANT, INC.,

      Defendant.

## BRIEF IN SUPPORT OF UNOPPOSED MOTION TO FILE UNDER SEAL

Defendant Avant, LLC f/k/a Avant, Inc. ("Avant") files this brief in support of its

Unopposed Motion to Permit Defendant to File Documents Under Seal, seeking leave to file

under seal certain exhibits to Avant's Brief in Support of its Renewed Motion to Compel

Arbitration and accompanying declarations.[1]

## I.     PROCEDURAL BACKGROUND

On March 15, 2022, the parties to this case jointly submitted to the Court a Stipulated

Protective Order.

On March 16, 2022, this Court entered the Protective Order, which permits the parties to

designate documents produced in discovery as "Confidential" or "Confidential Attorney Eyes

Only" (together, "Protected Material").  Paragraph 12.3 of the Protective Order states that

> Without written permission from the Designating Party or a court order secured after
> appropriate notice to all interested persons, a Party may not file in the public record in
> this action any Protected Material. A Party that seeks to seal Protected Material must

---

[1] Per the Court's Order of February 16, 2022, Defendant's Renewed Motion to Compel
Arbitration is to be filed on or before April 21, 2022.

comply with the federal and local rules. Pursuant to LCvR 5.2H, Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

During the limited period of discovery regarding arbitrability of this dispute permitted by the Court's Orders of February 14 and February 16, 2022, the parties exchanged numerous documents marked as Protected Material pursuant to the Protective Order.

In the Court's February 16th Order, the Court permitted Avant to file by April 21, 2022, a renewed motion to compel arbitration.  Avant intends to file such a renewed motion to compel arbitration, and in support of that motion intends to attach certain Protected Material.

## II.    ARGUMENT

"A party seeking to seal a court record must demonstrate that 'good cause' exists for such an order." *Pugliano v. Grace Holmes, Inc.*, 2:11-CV-OI562, 2012 WL 1866380, at *2 (W.D. Pa. May 22, 2012) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).  To demonstrate good cause, the moving party "bears the burden of demonstrating that 'disclosure will work a clearly defined and serious injury to the party seeking disclosure.'" *Hart v. Tannery*, 461 Fed. Appx. 79, 81 (3d Cir. 2012) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

The Third Circuit has held that where a party seeks to seal documents at trial or to seal the entirety of a judicial record, a higher "compelling interest" standard may be applied. *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV. 09-290, 2013 WL 1674190, at *2 (W.D. Pa. Apr. 17, 2013).  Even under that higher standard, "compelling reasons" exist where the documents to be sealed are "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.  The Ninth Circuit Court of Appeals has held that "compelling reasons" for sealing exist whenever the release of particular "court files might have

become a vehicle for improper purposes," such as the release of a trade secret to third parties. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Factors that should be considered in the balancing test used to determine whether to enter a confidentiality order include whether the parties have an interest in privacy, whether there is a threat of particularly serious embarrassment to the party, whether the information is important to public health and safety, whether sharing of information among litigants will promote fairness and efficiency, whether the party benefiting from the confidentiality order is a public entity or official and whether the case involves issues important to public. *Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F. Supp. 3d 544, 563 (W.D. Pa. 2014).

Good cause is "established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Id*. "Where the parties have entered into an umbrella protective order that permits either party in the first instance to designate materials exchanged in discovery as confidential, the court may proceed by finding good cause for the various categories of information likely to be within the exchange of raw information." *Id.*  "Whether the parties have been given the expectation that their submission(s) will be treated as confidential also is a factor that must be taken into account." *Id.* (citing *LEAP Systems Inc. v. MoneyTrax, Inc.,* 638 F.3d 216, 222 (3d Cir.2011)). "A party's reliance on an order sealing a judicial document cannot be lightly brushed aside where the order has induced that party to settle a case or comply with a discovery request." *Id.*

Here, the parties jointly request that Avant be permitted to file under seal certain exhibits to its Renewed Motion to Compel Arbitration and the corresponding declarations.  Those exhibits consist of the following:

3

a.  Exhibits to the Patel Declaration

 a.  Exhibits 11 and 12, which are designated Confidential because they contain Avant's internal and proprietary data related to user interaction with Avant's website, which is competitively sensitive data.

b.  Exhibits to Ryan Declaration

 a.  Exhibits 2, 3, 5-11, 13-15, which are designated either Confidential or Confidential Attorneys' Eyes Only, because they are or relate to confidential agreements among Avant, its subsidiaries and other related entities, and/or third parties that are competitively sensitive, reveal Avant's business strategies, and would harm Avant's competitive standing if broadly disclosed.

c.  Exhibits to Jackson Declaration

 a.  Exhibits 2-4, which are designated either Confidential or Confidential Attorneys' Eyes Only, because they are confidential agreements among Avant, its subsidiaries and other related entities, and/or third parties that are highly competitively sensitive, reveal Avant's business strategies, and would harm Avant's competitive standing if broadly disclosed.

d.  Exhibits to Jensen Declaration

 a.  Exhibits 2-5, which are designated Confidential, because they are or relate to confidential agreements among Avant, its subsidiaries and other related entities, and/or third parties that are competitively

4

sensitive, reveal Avant's business strategies, and would harm Avant's competitive standing if broadly disclosed.

*See* Declaration of D. Jackson, attached hereto as Exhibit A.

## III.    CONCLUSION

For the foregoing reasons, Avant requests that the Court grant the Joint Motion to File Under Seal and permit Avant to file under seal the exhibits to its Renewed Motion to Compel Arbitration and corresponding declarations.


April 21, 2022                                   /s/ Devin Chwastyk_____

Devin Chwastyk
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
Tel:  717.237.5482
dchwastyk@mcneeslaw.com

Daniel P. Jackson (admitted *pro hac vice*)
Zachary J. Watters (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601-1003
Telephone:  (312) 609-7500
Facsimile:  (312) 609-5005
djackson@vedderprice.com

*Attorneys for Defendant Avant, LLC*

## CERTIFICATE OF SERVICE

I, Devin J. Chwastyk, hereby certify that I have, this 21st day of April, 2022, electronically filed the foregoing with the Clerk of the Court using the ECF system, which caused a copy to be served upon all counsel of record.

/s/ Devin Chwastyk

Devin Chwastyk
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
Tel:  717.237.5482
dchwastyk@mcneeslaw.com

Daniel P. Jackson (admitted *pro hac vice*)
Zachary J. Watters (admitted *pro hac vice*)
Jonathon P. Reinisch (admitted *pro hac vice*)
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601-1003
Telephone:  (312) 609-7500
Facsimile:  (312) 609-5005
djackson@vedderprice.com

*Attorneys for Defendant Avant, LLC*