**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICHA MCDAID, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  2:21-cv-01135 |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| AVANT, LLC, formerly known as | ) | ECF No. 45 |
| AVANT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

### 1.  BACKGROUND

Pending before the Court is a Renewed Motion to Compel Arbitration. ECF No. 48.

Defendant is now requesting that the Court allow it to file certain documents in its brief in support of

said Motion under seal. Defendant argues that the documents contain secret, confidential and

sensitive business information of Avant. Defendant further argues that the documents in question

have been designated as either confidential or attorney's eyes only in discovery. Plaintiff has no

objection to the request.

### 2.  LAW

The common law presumes that the public has a right of access to judicial materials. *In re*

*Avandia Marketing*, 924 F.3d 662, 672 (3d Cir. 2019). The public right of access begins with a

presumption in favor of public access. *Id.* at 670 (citing *Goldstein v. Forbes*, (*In re Cendant Corp.*),

260 F.3d 183, 192-93 (3d Cir. 2001)). The presumption is a "strong presumption of openness." *Id.* at

672 (citing *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). "The common law right of access

begins with a thumb on the scale in favor of openness." *Id.* at 676. The common law right of access

"promotes public confidence in the judicial system"; diminishes possibilities for injustice, incompetence, perjury, and fraud"; and "provide[s] the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 677 (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Accordingly, "[c]onsideration of the public's right of access must be the starting point." *Id.*

The common law right of access attaches to materials that are considered part of the judicial record. *Id.* at 672. Documents filed with the court and documents that are incorporated or integrated into the adjudicatory proceedings of a district court are considered judicial records. *Id.* The presumptive right of access extends to pretrial motions and material filed in connection with pretrial motions, including motions for summary judgment. *Id.*

"[T]he common law right of access is 'not absolute.'" *Id.* at 673 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F. Supp. 3d 544, 560. (citations omitted). The party seeking closure "bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" *Id.* (quoting *Bank of Am.*, 800 F.2d at 344). The burden requires the party seeking closure to show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). The injury must be defined with specificity. *Id.* at 673 (citing *In re Cendant Corp.*, 260 F.3d at 194). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* (quoting *In re Cendant Corp.*, 260 F.3d at 194). A document-by-document review must be conducted

to determine if "the *strong* presumption of openness can be overcome by the secrecy interests of private litigants." *Id.* (emphasis added) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)). "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Id.* at 673 (quoting *Leucadia, Inc.* 998 F.2d at 167). When making a decision to seal judicial records[1], the district court must articulate the overriding, compelling and countervailing, interest(s) to be protected, through specific findings on the record concerning the effects of disclosure. *Id.* at 678. The district court must also "provide an opportunity for interested third parties to be heard." *Id.* at 678.

The kind of information courts have protected from disclosure is narrow and includes "[d]ocuments containing trade secrets or other confidential business information." *Leucadia*, 998 F.2d at 166. "[A]n interest in safeguarding a trade secret *may* overcome a presumption of openness." *In re Avandia*, 924 F.3d at 673 (emphasis added) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984)). Additionally, confidential business information "is not entitled to the same level of protection from disclosure as trade secret information." *Id.* at 679 n.14 (quoting *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991)). "Courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 679. Potential harm to sales and/or a potential loss in capital stock value does not overcome the presumption of access. *Mine Safety*, 73 F. Supp. 3d at 561.

---

[1] An analysis for preserving the confidentiality of discovery materials, through a protective order, under Federal Rule of Civil Procedure 26 is conducted using the Pansy factors. *In re Avandia*, 924 F.3d at 671. Some of the Pansy factors may provide guidance for a common law right of access analysis, but the Pansy factors do not displace the common law standard. *Id.* at 676. The Pansy factors are as follows: "1. whether disclosure will violate any privacy interests; 2. whether the information is being sought for a legitimate purpose or for an improper purpose; 3. whether disclosure of information will cause a party embarrassment; 4. whether confidentiality is being sought over information important to public health and safety; 5. whether the sharing of information among litigants will promote fairness and efficiency; 6. whether the party benefitting from the order of confidentiality is a public entity or official; and 7. whether the case involves issues important to the public." *Id.* at 671. However, some of the Pansy factors, including factors two and three, are inconsistent with the standard of the common law right of access. *Id.* at 676. The Third Circuit Court found no error in the common law right of access analysis when, in *Leap Sys., Inc.*, the District Court considered factors four, five, six, and seven as part of their analysis. *Id.*

"Mere embarrassment is insufficient to overcome the strong presumption of public access inherent in the common law right." *In re Avandia*, 924 F.3d at 679 (citing *Publicker Indus.*, 733 F.2d at 1074). Concern for public image or reputational injury will not overcome the presumption of public access. *Id.* at 676. A general interest in settlement does not justify the sealing of judicial records. *LEAP Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011). Disclosure is more likely when the benefitted party of an order to seal is a public entity or official. *Id.* Current evidence is required to overcome the presumption of openness. *See, e.g.*, *id.* at 678 (explaining that an eight-year-old declaration was not current evidence); *Republic of the Philippines*, 949 F.2d at 663 (explaining that two-year-old affidavits were not current evidence).

### 3. ANALYSIS

Defendant has provided a declaration of counsel in support of this Motion. Said declaration avers that disclosure of the subject information would place Avant at a competitive disadvantage. The Court has not had an opportunity to review the documents that are the subject of the seal order so, at this point, it is taking the declaration of counsel at its word that the documents would qualify to be filed under seal.[2] As the Circuit points out in *Avandia, supra.*, there is a strong presumption in favor of openness and public access, particularly when a Court is basing a ruling on certain documents. This presumption is much stronger than that accorded the designation of confidentiality and attorney's eyes only in the exchange of discovery.

As stated above, when making a ruling to seal documents, the Court must articulate the overriding, compelling and countervailing, interest(s) to be protected, through specific findings on the record concerning the effects of disclosure. That is difficult to do in this situation when the Court has not seen the documents. The Court relies at this time on the Jackson Declaration attached to both the

---

[2] The Court notes that the Brief in Support (ECF No. 46) does not cite the most recent 3rd Circuit case, *Avandia, Supra.* to support its argument that the documents satisfy the requirements of good cause to seal.

Motion and Brief. Said declaration states that the documents contain internal and proprietary data and confidential agreements that are competitively sensitive, reveal business strategies and would harm Avant's competitive standing if revealed. Based upon these averments, the Court will, at this time, grant the Motion. However, the Court puts the parties on notice that, upon review of the documents themselves, this ruling could change. The Court may have to cite to or quote documents when it renders its opinion in the matter. Therefore,

IT IS HEREBY ORDERED this 25th day of April, 2022, that the Unopposed Motion To Permit Defendant To File Documents Under Seal is **GRANTED**, subject to further review when the documents are received.

IT IS FURTHER ORDERED that the Defendant is to follow the Standing Orders of this Court at 05-45 dated 1/27/05 and 21-50 dated 1/21/21 for the proper procedures for said filing.

s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge