IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICHA MCDAID, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 21-1135 |
| AVANT, LLC f/k/a AVANT, INC., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM ORDER

Presently pending before the Court is the Renewed Motion to Compel Individual Arbitration and to Dismiss (ECF No. 48) filed on behalf of defendant Avant, LLC, f/k/a Avant, Inc. On September 23, 2022, Magistrate Judge Lisa Pupo Lenihan issued a Report and Recommendation (ECF No. 70) in which she recommended that the motion be granted and that this civil action be dismissed in its entirety with prejudice. Objections to the Report and Recommendation were due on or before October 7, 2022. *Id.* On that date, Plaintiff, through counsel, filed an unopposed "Motion for Extension of Time to Object to the Report and Recommendation" (ECF No. 71), requesting that the deadline for Plaintiff to file objection(s) be extended to October 28, 2022. The Court granted the request. (ECF No. 71). To date, no objections have been filed.

The district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir.1987). This Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

1

If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court. *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987)). However, the United States Court of Appeals has held that because a district court must take some action for a report and recommendation to become a final order and because "[t]he authority and the responsibility to make an informed, final determination ... remains with the judge," *Mathews v. Weber,* 423 U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), even absent objections to the report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report," *Henderson*, 812 F.2d at 878. "We have described this level of review as "reasoned consideration."" *EEOC v. City of Long Beach*, 866 F.3d 93, 100 (3d Cir. 2017).

Upon review of Judge Lenihan's September 23, 2022 Report and Recommendation, as well as a review of the entire record in this matter and the applicable, binding case law, the Court agrees with Judge Lenihan's assessment that under the plain terms of the Loan Agreement and Arbitration Clause, as interpreted by contract law, there is no genuine dispute as to any material fact regarding the applicability of the arbitration provision, and that the agreement's terms are unambiguous.  Defendant is entitled to arbitrate Plaintiff's claims as a matter of law.

Accordingly, IT IS HEREBY ORDERED:

The Court approves and adopts the Report and Recommendation (ECF No. 70) in its entirety as the Opinion of the Court.  Defendant's renewed Motion to Compel Arbitration and to Dismiss (ECF No. 48) is hereby GRANTED. Plaintiff is directed to submit this dispute to individual arbitration pursuant to the terms of the Loan Agreement and Promissory Note. The Clerk of Court shall mark this case as CLOSED.

Dated:  November 10, 2022

                                                      BY THE COURT:

                                                      */s/ Robert J. Colville*
                                                      Robert J. Colville
                                                      United States District Judge


CC/ECF: Hon. Lisa Pupo Lenihan
           Counsel of Record